■ ERNEST J. DAVIERO, JR., Appellant, v EVELYNE F. JOHNSON et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Doran, J.), entered August 7, 1981 in Schenectady County, which dismissed the

complaint on the ground that plaintiff did not sustain a "serious injury" as defined by the Insurance Law (§ 671, subd 4), so as to entitle him to bring this action pursuant to subdivision 1 of section 673 of the Insurance Law. This is an action to recover damages for personal injuries, alleging negligence on the part of both defendants in the operation of their vehicles in a three-car accident. Both defendants moved for summary judgment on the ground that plaintiff did not sustain a serious injury as defined in subdivision 4 of section 671 of the Insurance Law. Upon consideration of the pleadings, plaintiff's bill of particulars, the examinations before trial of the parties and the submitted medical reports, Special Term dismissed the complaint on the ground that plaintiff did not sustain a "serious injury". This appeal ensued. While the existence of a "serious injury" is usually a question of fact for the jury to resolve (*Sanders v Rickard,* 51 AD2d 260), the plaintiff nevertheless has the burden of demonstrating a genuine factual issue on the question (*Simone v Streeben,* 56 AD2d 237). On this record he has failed to do so. Plaintiff concedes that he has failed to establish that he sustained a permanent injury and his attending physician so reported. Subdivision 4 of section 671 of the Insurance Law includes in the definition of "serious injury" a significant limitation of use of a body function or system. Plaintiff maintains that a factual issue has been raised as to whether he sustained such a limitation. A careful reading of the medical reports submitted, however, reveals that plaintiff failed to meet his burden of proof in this regard. Plaintiff relies largely on the fact that he was absent from work for 54 days and continues to have occasional headaches. The mischief of equating "serious injury" with a period of absence from work, even if lengthy, without medical proof indicating a significant limitation of use of a body function or system, is manifest and contrary to the intent of the Legislature (see *Montgomery v Daniels,* 38 NY2d 41). Considering the record in its entirety, we are of the opinion that Special Term properly concluded that plaintiff failed as a matter of law to establish the threshold showing of a "serious injury" within the meaning of subdivision 4 of section 671 of the Insurance Law. There must be an affirmance. Order affirmed, with one bill of costs to defendants. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur. [110 Misc 2d 381.]