■ MARK A. SALISBURY, Appellant, v LOUIS ST. LOUIS, Respondent. — Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered July 24, 1981 in Schenectady County, which granted summary judgment to defendant dismissing the complaint. This is an action to recover damages for personal injuries allegedly sustained by plaintiff on January 20, 1979. After pretrial discovery defendant made a motion for summary judgment on the ground there were no triable issues of fact. More specifically, defendant maintained that plaintiff had failed to demonstrate that he had sustained a "serious injury" as defined by subdivision 4 of section 671 of the Insurance Law. Special Term granted the motion and this appeal ensued. The record reveals that immediately following the accident, plaintiff was treated at the St. Mary's Hospital emergency room and discharged. X rays were taken and were negative for fractures. A diagnosis was made of acute cervical strain, contusion of the left shoulder, left chest and left hip area and acute strain of the lumbo-sacral spine. Plaintiff saw his physician two days later for severe headaches and pain and continued to see his physician every week to 10 days until he returned to work on March 12, 1979. Whether plaintiff has made a prima facie showing of a "serious injury" should be decided in the first instance by the court as a matter of law (*Licari v Eliott,* 57 NY2d 230). Thus, we must examine this record to ascertain if Special Term properly determined that plaintiff had not sustained a "serious injury" as contemplated by subdivision 4 of section 671 of the Insurance Law. Plaintiff contends that he sustained a serious injury in that he was prevented for at least 90 days from performing substantially all of the material acts which constituted his usual daily activities (see Insurance Law, § 671, subd 4). Initially, we note that plaintiff returned to his usual work on March 12, 1979, long before the 90 days mentioned in the statute. He received only emergency treatment at the hospital and was discharged within two hours. The physician's report noted gradual improvement in his condition to the point where he was able to return to work on March 12, 1979. Most of plaintiff's complaints were subjective.

Considering the record in its entirety, we are unable to say that Special Term erred in concluding that plaintiff did not sustain a serious injury within the meaning of the statute (see *Daviero v Johnson,* 88 AD2d 732) and, therefore, there must be an affirmance. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.