■ CARL LOCATELLI et al., Appellants, v CARL BLANCHARD, Respondent. (And a Third-Party Action.) — Levine, J. Appeal from an order of the Supreme Court at Special Term (Graves, J.), entered November 1, 1983 in Fulton County, which granted defendant's motion to dismiss the complaint.

Plaintiff Carl Locatelli (plaintiff) was involved in an automobile accident on April 17, 1981. He and his wife subsequently brought the instant negligence action to recover damages for his personal injuries which allegedly resulted from the accident. In the order appealed from, Special Term dismissed the complaint pursuant to CPLR 3211 (a) (7) on the ground that plaintiff had failed to establish a prima facie case that he had sustained a "serious injury" as required by Insurance Law § 5103 (a) and as defined in Insurance Law § 5102 (d). We affirm.

Insurance Law § 5103 (a) provides that, except in the case of a "serious injury", there shall be no recovery for noneconomic loss resulting from motor vehicle accidents. Insurance Law § 5102 (d) defines "serious injury" as: "personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment."

Plaintiff's injuries, as outlined in his bill of particulars and as described in the reports of two examining physicians, which were submitted on this motion, fall short of fulfilling the statutory definition of a serious injury. These documents disclose that plaintiff sustained a contusion on his chest as a result of the accident, which may have exacerbated a previously existing stomach condition and which ultimately left him with a "tenderness" in the shoulder and chest areas, but with no loss of mobility and no substantial disability from performing his usual activities beyond the statutory time period. Plaintiff's physician summed up that plaintiff's condition "would appear to be permanent, albeit minimal".

Plaintiff argues that the mere fact that his condition may be "permanent" means that he has sustained a "serious injury". However, this contention is belied by the plain language of Insurance Law § 5102 (d), which requires that a permanent

injury must involve limitation of the use of a body organ or system to satisfy the statutory definition. As noted above, plaintiff has sustained no such limitation of use in the affected areas. Accordingly, he has failed, as a matter of law, to prove that he sustained a "serious injury" as a result of the accident, and the complaint was properly dismissed (*see, Licari v Elliott,* 57 NY2d 230, 236, 239-240).

Order affirmed, without costs. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.