OPINION OF THE COURT
Harold Tompkins, J.
Defendant Hertz moves for summary judgment on the grounds that plaintiff’s injuries are not "serious injuries” under the No-Fault Law (Insurance Law § 5104 [former § 673]), and consequently there is no right of recovery. Third-party defendant Farley cross-moves for the identical relief and adopts the arguments of defendant Hertz. For the reasons given below, the motion and cross motion are denied.
There are no reported cases regarding damage to the heart relating to the no-fault provision requiring serious injury to sustain a right to recovery. This is therefore a case of first impression in which this court must evaluate the existing case law and apply it to this novel factual situation.
Plaintiff claims to have sustained pulmonary embolism, phlebitis, cervical sprain and pain. She further claims the incident caused left ventricular hypertrophy and probable myocardial damage. An annexed doctor’s affidavit supports her assertions. The finding of a left ventricular hypertrophy is also noted in the report of Doctor J. D. Matis, selected by defendant Hertz.
The key issue at this stage of the proceedings is the term "serious injury”. Licari v Elliott (57 NY2d 230, 236 [1982]) *1103 holds that to fulfill the legislative mandate of the No-Fault Law, serious injury "should be construed to mean something more than a minor limitation of use. [Rather] * * * a minor, mild or slight limitation of use should be classified as insignificant within the meaning of the statute”. The court found that this construction would effectuate the legislative purpose of keeping minor auto accident cases out of the court system. Specifically, the court took a dim view of the plaintiff’s subjective, nonincapacitating and transitory headaches. This type of affliction is insufficient as a matter of law to uphold a claim (supra, at pp 238-239).
In Kaiser v Edwards (98 AD2d 825 [3d Dept 1983]), the plaintiff sustained neck injuries following a collision accident. He was hospitalized for two weeks and underwent physiotherapy for six months. He had resumed his studies several months after the accident and was working after graduation despite claims of neck pains. The court upheld a verdict for the defendant stating that a minor limitation of the neck did not constitute a serious injury. In De Filippo v White (101 AD2d 801 [2d Dept 1984]), the plaintiff claimed cervical and lower back sprain. He was unable to work for nine weeks. After a month of part-time hours, he resumed his full working hours. The court reversed the denial of defendant’s motion for summary judgment. It held plaintiff’s medical reports of back and cervical sprain did not amount to a serious injury.
Chest contusions and chest and shoulder tenderness were also found not sufficiently significant to be considered statutory serious injuries (Locatelli v Blanchard, 108 AD2d 1032 [3d Dept 1985]).
In La Frenire v Capital Dist. Transp. Auth. (96 AD2d 664 [3d Dept 1983]), the plaintiff was a passenger on defendant’s bus. After the collision, she was examined at a hospital and discharged the same day. She claimed loss of the normal functioning of left eye, vision, back and urinary system. The court upheld the denial of defendant’s motion for summary judgment. It stated that plaintiff’s claimed injuries were squarely within the definition of serious injury.
The court in Mooney v Ovitt (100 AD2d 702 [3d Dept 1984]) reversed the dismissal of the complaint after the completion of plaintiff’s case and ordered a new trial. It stated the plaintiff had shown a cervical lumbar sprain which caused plaintiff severe intermittent pain. The court held that since plaintiff was suffering severe, though intermittent pain in performing ordinary functions, this limitation established a serious injury.
*1104 This case involves a claim of damage to the heart resulting from a pulmonary embolism alleged to be the result of an automobile accident caused by defendant’s negligence. The exact nature of the heart’s condition is in controversy and hence, as this is a motion for summary judgment must be viewed in the light most favorable to plaintiff (Cohen v Hallmark Cards, 45 NY2d 493 [1978]). In this regard, the court takes note that defendant’s medical report" is an unsworn statement and is thus a hearsay document (Lopez v Senatore, 97 AD2d 787 [2d Dept 1983]; Savage v Delaeruz, 100 AD2d 707 [3d Dept 1984]). Damage to the heart can have a profound effect on the functioning of the entire body.
The court is sensitive to the need to screen out cases of minor injuries. However, injuries to a vital organ cannot be considered to be the slight or mild damages for which the statute bars recovery. The issues of actual damage and causation remain to be determined. This court merely holds that heart damage falls within the ambit of serious injury and plaintiff retains the right to proceed with her claim. The motion and cross motion are denied.