■ ALBERT MASI et al., Respondents, v ZOLTAN KISS, Defendant, and ALFRED COSTANZO et al., Appellants.—In an automobile negligence action to recover damages for personal injuries, etc., defendants Alfred Costanzo, Sylvia Kupperman and Murray Kupperman appeal from an order of the Supreme Court, Rockland County (Wood, J.), dated July 16, 1984, which denied Costanzo's motion and the Kuppermans' cross motion for summary judgment for failure to meet the threshold requirement of having suffered "serious injury" as defined in Insurance Law former § 671 (4) (now Insurance Law § 5102 [d]).

Order reversed, on the law, with one bill of costs, motion and cross motion granted, and complaint dismissed as against defendants Alfred Costanzo, Sylvia Kupperman and Murray Kupperman.

Plaintiff Albert Masi was involved in an automobile accident on December 9, 1980. Defendant Costanzo's car collided with a car owned by defendant Murray Kupperman and operated by defendant Sylvia Kupperman and went out of control, hitting Mr. Masi's van head-on. On impact, Mr. Masi's legs hit the bottom of the dashboard and his chest and stomach hit the steering wheel. Seconds later, the van was hit from behind by defendant Kiss' vehicle causing the seat to hit Mr. Masi in the back of the head and a large can of glue to hit his elbow. Mr. Masi never lost consciousness but was removed from the scene by ambulance with bleeding legs and pain in his legs and chest. He was taken to the Nyack Hospital emergency room where his legs were cleaned and X-rayed and he was sent home. He consulted his doctor a week later and again six months later, each time complaining of pain in his legs, but on each occasion X rays revealed no fracture and no further treatment was given. Mr. Masi is a self-employed wallpaper hanger who lost one week of work as a result of the accident. We find this evidence insufficient to establish "serious injury" which is defined in Insurance Law § 5102 (d), in

relevant part, as "significant limitation of use of a body function or system". Mr. Masi's discomfort has not been shown to significantly affect his ability to work full time or pursue any of his normal activities. "[A] minor, mild or slight limitation of use should be classified as insignificant within the meaning of the statute" *(Licari v Elliott,* 57 NY2d 230, 236).

Since it is the court's responsibility to determine whether a prima facie showing of "serious injury" has been made in the first instance *(Licari v Elliott, supra),* summary judgment should be granted where, as in this case, plaintiffs have failed to meet their burden *(Nolan v Ford,* 100 AD2d 579, *affd* 64 NY2d 681; *cf. Lopez v Senatore,* 65 NY2d 1017, *revg* 97 AD2d 787). Mollen, P. J., Thompson, Bracken and O'Connor, JJ., concur.