■ ROSEANNA M. KORDANA, Respondent, v FRANK N. POMELLITO, Appellant, et al., Defendant.—Per Curiam. Appeal from an order of the Supreme Court at Special Term (Mercure, J.), entered October 17, 1985 in Albany County, which denied defendant Frank N. Pomellito's motion for summary judgment dismissing the complaint.

The issue in this motor vehicle negligence action is whether plaintiff has established the "serious injury" threshold required by Insurance Law § 5102 (d). On June 26, 1981, a car driven by defendant Frank N. Pomellito allegedly hit the rear of defendant Carolyn Harney's car, causing it to strike the rear of plaintiff's car. Although plaintiff was taken to an emergency room for treatment, she was released later that same day. On July 3, 1981, plaintiff visited Dr. Barry Constantine, who noted her complaints of mild back discomfort but found her "neurologically intact 100%" and expected her condition to return to normal within three weeks. At a July 27, 1981 appointment with Constantine, plaintiff had no subjective complaints and was diagnosed as "100% intact". In February 1982, however, plaintiff returned to Constantine complaining of mild back pain. Thereafter, plaintiff saw Constantine sporadically, complaining of occasional mild pain. Constantine prescribed medication, exercise and heat for plaintiff.

Plaintiff commenced this action in February 1984 against Pomellito and Harney. Harney successfully moved for summary judgment and is no longer a party to the action. Pomellito's subsequent motion for summary judgment on the ground

that plaintiff failed to establish a prima facie showing of serious injury was denied by Special Term. This appeal ensued.

Where properly raised, the issue of whether plaintiff has made a prima facie showing of serious injury is, in the first instance, for the court to decide *(see, e.g., Licari v Elliott,* 57 NY2d 230, 237; *Dwyer v Tracey,* 105 AD2d 476). The Legislature has specified nine categories of personal injury which can constitute serious injury (Insurance Law § 5102 [d]). In her pleadings, plaintiff alleged that her injuries fell into three of these categories; permanent consequential limitation of use of a body organ or member, significant limitation of use of a body function or system, and medically determined injury which prevented her from performing substantially all of the material acts which constitute her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident. On this appeal, plaintiff has not argued the merits of the third category; thus, it is deemed abandoned *(see, Lamphear v State of New York,* 91 AD2d 791). Even if we were to address the issue, we would find plaintiff's reliance on that category meritless *(see, Doyle v Erie County Water Auth.,* 113 AD2d 1016). We turn to the merits of the remaining two categories.

In order to establish a permanent consequential limitation of use of a body organ or member, it is incumbent upon plaintiff to present competent evidence raising triable issues as to whether her injury was both permanent and consequential *(cf. Locatelli v Blanchard,* 108 AD2d 1032). Since we find that plaintiff has failed to produce competent medical proof that her alleged injury was consequential, we need not address the issue of permanency.

The term consequential is used in the sense of "important" or "significant" (1 NY PJI 2:88A, at 126 [2d ed] [1986 supp]; *accord, Dwyer v Tracey, supra,* p 478). Speculative and equivocal medical opinion, based upon the subjective complaints of a plaintiff, is insufficient to support a claim of serious injury *(see, e.g., Doyle v Erie County Water Auth., supra; Dwyer v Tracey, supra; Jones v Sharpe,* 99 AD2d 859, *affd* 63 NY2d 645). Here, a review of the medical records kept by Constantine reflects that he consistently referred to the alleged injury as "minimal" and "mild". Furthermore, the records reflect that he could not find any objective medical evidence of injury and, indeed, he reported that plaintiff had no neurological problem, appearing to be "100% intact". The conclusions in Constantine's affidavit were based on plaintiff's subjective

complaints and, even then, he could only speculate that plaintiff's condition *"appears* to be of a chronic nature" (emphasis supplied) *(Jones v Sharpe, supra).* Accordingly, plaintiff has failed to present a question of fact as to whether she suffered a permanent consequential limitation of use of a body organ or member.

Likewise, we find that plaintiff has failed to establish a question of fact as to whether she has suffered a significant limitation of use of a body function or system. In this context, the term "significant" envisions something more than a minor limitation of use *(Licari v Elliott,* 57 NY2d 230, 239, *supra; Zoldas v Louise Cab Corp.,* 108 AD2d 378, 384). Plaintiff avers that she has been unable to engage in some athletic activities since the accident. Defendant's expert, however, opined that with proper exercise plaintiff could participate in these activities and no medical evidence was offered to the contrary *(cf. Mulhauser v Wood,* 107 AD2d 1019, *appeal dismissed* 65 NY2d 637). The medical reports in the record indicate that plaintiff has an excellent range of motion, suffers no sensory or motor weaknesses and walks with a normal gait. The alleged injury has neither caused her to miss work nor significantly affected any of her normal activities *(see, Masi v Kiss,* 114 AD2d 442). No specific limitation is established by competent evidence *(see, Licari v Elliott, supra,* p 239). Hence, we conclude that plaintiff has failed to raise a triable issue of fact as to whether she suffered a serious injury. Special Term therefore erred in denying Pomellito's motion for summary judgment.

Order reversed, on the law, with costs, motion granted and complaint dismissed. Kane, J. P., Casey, Mikoll and Levine, JJ., concur.