MARY BERBEN et al., Appellants, v RIZWANNA V. ARAIN et al., Respondents.—Main, J.

Plaintiffs commenced this action to recover damages for personal injuries allegedly sustained by plaintiff Mary Berben as a result of an automobile accident which occurred on April 24, 1981. The automobile in which Berben was a passenger was struck from behind by another automobile, which in turn had been struck from behind by defendants' automobile. According to Berben, the impact of the accident caused her to strike her head on the dashboard of the car, and she has since experienced back pain which limits her activities. Defendants moved for summary judgment, contending that Berben had not suffered a serious injury within the meaning of Insurance Law § 5102 (d), and thus plaintiffs were not entitled to maintain this action (see, Insurance Law § 5104 [a]). Special Term granted defendants' motion on reargument, finding that plaintiffs' proof consisted primarily of Berben's subjective complaints of pain, unsupported by objective medical evidence. This appeal ensued.

Ordinarily, the existence of serious injury is a question of fact for a jury to resolve (see, Daviero v Johnson, 88 AD2d 732). However, the trial court must first make a threshold determination of whether the plaintiff has established a prima facie case of serious injury (see, Licari v Elliott, 57 NY2d 230, 237; Mooney v Ovitt, 100 AD2d 702, 703). Here, plaintiffs claim that Berben suffered a "permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; [and] significant limitation of use of a body function or system" (see, Insurance Law § 5102 [d]). We find that plaintiffs have failed in their burden of showing a prima facie case of serious injury as defined above, and Special Term properly granted summary judgment for defendants.

The record reveals that Berben did not receive medical treatment on the date of the accident, but went to a hospital emergency room four days later complaining of back pain. She was diagnosed as having a lumbosacral strain, prescribed a course of treatment and referred to an orthopedic surgeon for other treatment that might prove necessary. X rays taken at the hospital revealed that her lumbosacral spine appeared normal. Berben consulted the orthopedic surgeon three times in 1981, once in 1983 and once in 1985. With the exception of one 1981 visit, the surgeon found no limitations in her move-

ment with regard to the lumbosacral spine. His findings did not indicate any medical conditions which might be responsible for Berben's subjective claims of pain. At no time did the surgeon express the opinion that Berben's experiencing of intermittent pain might be permanent; at most, he described her prognosis as "uncertain".

This court has noted that while intermittent, permanent pain may form the basis of a serious injury, subjective complaints of pain unsupported by credible medical evidence are insufficient to establish a serious injury (see, Dwyer v Tracey, 105 AD2d 476, 477). Plaintiffs' proof is of that nature: while Berben has detailed her limitations in performing everyday duties as a result of back pain, the medical evidence presented fails to support such limitations. Accordingly, we find that plaintiffs have failed to make a prima facie showing of serious injury entitling them to maintain an action.

Order affirmed, without costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.