■ DAVID G. PASSONNO, Respondent, v JOANNE HALL, Appellant.—Harvey, J. Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered December 5, 1985 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

In 1981, plaintiff was injured while a passenger in an automobile owned by defendant which was involved in a one-car accident. He was hospitalized and objective evidence revealed a loss of the normal lorditic curvature of the spine. After discharge, he continued to receive medical treatment from his personal physician as well as an orthopedic surgeon.

This personal injury action was commenced in October 1983. Defendant moved for summary judgment to dismiss the complaint on the ground that plaintiff failed to establish the "serious injury" threshold of Insurance Law § 5102 (d). To support her motion, defendant submitted an affidavit from a doctor who had been retained by her insurance company and who had seen plaintiff on only one occasion. His stated opinion was that plaintiff had suffered no permanent injury.

In opposition to the motion, plaintiff submitted, *inter alia,* an affidavit from the orthopedic surgeon who had been treating him for over 3½ years. The doctor stated that, upon review of plaintiff's medical records and based on his own diagnosis, plaintiff had sustained a head injury, laceration of the posteroparietal area, cerebral concussion, a locked facet syndrome and chronic cervical strain. The doctor had engaged in a continuous course of treatment of plaintiff which included prescribed medication, moist heat treatments and conditioning exercises for both the cervical and lumbosacral spine regions. On his last examination of plaintiff before his July 29, 1985 affidavit, the orthopedist found objective evidence of a continuation of the spinal disability. He stated that he was still attempting to rehabilitate plaintiff's lumbosacral and cervical spine but could not determine whether this effort would be

successful in alleviating plaintiff's disability. Consequently, he was unable to state at that time whether the injury was permanent.

Special Term denied defendant's motion to dismiss the complaint and this appeal ensued.

Summary judgment is a drastic remedy which should not be granted where there is any doubt as to the existence of a triable issue *(Millerton Agway Coop. v Briarcliff Farms,* 17 NY2d 57, 61; *Denton Pub. v Lillendahl,* 112 AD2d 658) or where the issue is arguable *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *Waldron v Wild,* 96 AD2d 190, 192). All competent evidence must be viewed in the light most favorable to the party opposing the motion *(Merlis v Lupo,* 108 AD2d 902; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.12). It is axiomatic that " 'issue-finding, rather than issue-determination, is the key to the procedure' " *(Sillman v Twentieth Century-Fox Film Corp., supra,* p 404, quoting *Esteve v Avad,* 271 App Div 725, 727; *accord,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, C3212:2, p 425).

In order for us to grant the relief sought by defendant, we must be convinced that plaintiff has failed to raise a question of fact as to whether he sustained any significant or permanent injuries. We are unable to make such a conclusion in view of the fact that plaintiff presently is being treated and has been treated for over 3½ years but continues to show objective signs of his injuries. The fact that his doctor is not yet able to state conclusively that the injuries will be permanent does not necessitate a judicial determination at this time that a prima facie showing of serious injury has not been made *(see, Savage v Delacruz,* 100 AD2d 707). It would be improvident to punish plaintiff for the conscientiousness of his doctor who continues with treatments in the hope that recovery will be made. Further, we are unable to conclude as a matter of law that the injuries suffered were not significant. To do so we would have to give undue credence to the single examination made by defendant's doctor. On a motion for summary judgment, such a factual determination would not be proper. In our opinion, Special Term was justified in denying the motion. Defendant is not prejudiced by this decision. The issue of legal sufficiency of the proof will be decided by the court either at trial or by motion pursuant to one of the conditions established by Special Term's decision.

Order affirmed, without costs. Main, J. P., Casey and Harvey, JJ., concur.

Weiss and Levine, JJ., dissent and vote to reverse in a memorandum by Weiss, J. Weiss, J. (dissenting). We respectfully dissent. The sole issue on this appeal is whether Special Term properly denied defendant's motion for summary judgment, dated June 24, 1985, for failure to meet the threshold requirement of a "serious injury" as required by Insurance Law § 5102 (d). Whether plaintiff has made a prima facie showing of a "serious injury" is, of course, a matter for the court to decide in the first instance *(see, e.g., Licari v Elliott,* 57 NY2d 230, 237; *Kordana v Pomellito,* 121 AD2d 783).

Defendant supported her motion with, *inter alia,* the affidavit of Dr. Joseph Fay, who examined plaintiff at defendant's behest on March 10, 1982 after having reviewed the hospital discharge summary and the postaccident X rays. In essence, Dr. Fay concluded that plaintiff had made a full and complete recovery from the November 1, 1981 accident, was not disabled and was able to return to work. He further noted there was no clinical or X-ray evidence to substantiate plaintiff's physical complaints of neck and back pain. Given this showing, it was incumbent on plaintiff to come forward with sufficient evidentiary proof in admissible form to raise a triable issue of fact as to whether a "serious injury" existed *(see, Zoldas v Louise Cab Corp.,* 108 AD2d 378, 382; *Dwyer v Tracey,* 105 AD2d 476).

In his pleadings, plaintiff alleged several of the statutory categories of personal injury (Insurance Law § 5102 [d]), but in opposing the subject motion, he relied solely on the category of "significant limitation of use of a body function or system". Plaintiff's opposing papers consisted of his own personal affidavit outlining the continuation of neck and back pain, the affidavit of his attorney, which is of no substantive value *(see, Zoldas v Louise Cab Corp., supra,* p 383), and the July 1985 affidavit of his treating orthopedist, Dr. Barry Constantine. While the majority places particular emphasis on the "continuous course of treatment" provided by Dr. Constantine for over 3½ years, the record shows only four visits during this period. Dr. Constantine's affidavit states that he first examined plaintiff on January 29, 1882, at which time he diagnosed a chronic cervical strain and *probable* locked facet syndrome.*
A follow-up consultation occurred on April 7, 1982. Some 2½

---

* The diagnosis was based in part on an examination of the original hospital record and the medical reports of Dr. Fremont Peck, who examined plaintiff shortly after the accident and again on January 13, 1982. The hospital report indicates that plaintiff was hospitalized overnight and experienced amnesia, but also shows the X rays were normal and ruled out a

years later, in October 1984, Dr. Constantine found that plaintiff experienced a "moderate amount of muscle spasm palpable in the sternocleidomastoid muscles on the left side" with discomfort upon rotation, and diagnosed a recurrent cervical and lumbosacral strain. Dr. Constantine again examined plaintiff on July 2, 1985 and found "some palpable muscle spasm evident in both sternocleidomastoid muscles". On the basis of the foregoing, Dr. Constantine concluded that due to the continuation of neck and back pain, he was unable at that point in time to determine whether the injuries were permanent, particularly in view of the ongoing rehabilitation efforts.

Special Term found, on the basis of Dr. Constantine's affidavit, that the instant summary judgment motion was premature since it was not yet determinable whether plaintiff sustained a permanent injury, a conclusion accepted by the majority.

In our view, plaintiff has failed to raise a triable issue as to whether he sustained a significant limitation of use of a body function or system. For definitional purposes, "significant" connotes more than just a minor limitation of use (Licari v Elliot, supra, p 236; see, e.g., Spangenberg v Dombrowski, 114 AD2d 497; Masi v Kiss, 114 AD2d 442; Bader v Santana, 106 AD2d 858). While plaintiff attests to continued intermittent pain curtailing his activities, the medical evidence fails to confirm the severity of these complaints. The majority emphasize Dr. Constantine's findings of objective evidence of continuing disability, but in his last two examinations of plaintiff the orthopedist simply observed "moderate" and "some" muscle spasms (see, Kordana v Pomellito, supra, p 784). While perhaps objective, these findings connote an injury of minimal consequence, a conclusion consistent with the over-all history outlined above. Moreover, it seems incongruous to suggest that a determination of permanency is premature almost four years after the accident. We in no way impugn Dr. Constantine's "conscientiousness", but the fact remains that his affidavit as to permanency is speculative and not the type of medical proof necessary to make a prima facie showing of serous injury (see, Dwyer v Tracey, 105 AD2d 476, 477, supra; see also, Berben v Arain, 124 AD2d 379; Zoldas v Louise Cab

---

concussion. Dr. Peck found plaintiff was suffering from mild postconcussive syndrome and observed that while plaintiff had not completely recovered from a neck sprain, his neck motions were within normal limits and his prognosis good.

*Corp.,* 108 AD2d 378, 384, *supra).* That plaintiff may have sustained some injury is not enough to support his claim *(see, Jones v Sharpe,* 99 AD2d 859, *affd* 63 NY2d 645).

To conclude, since plaintiff failed to raise a triable issue of fact as to whether he suffered a serious injury, we would reverse Special Term and grant defendant's motion for summary judgment dismissing the complaint.