■ JOHN McKNIGHT et al., Respondents, v RICHARD LA-VALLE, Appellant.—Order unanimously reversed on the law without costs and motion granted. Memorandum: To be entitled to maintain an action under the Comprehensive Motor Vehicle Insurance Reparations Act, a plaintiff must demonstrate that he or she has sustained a serious injury, defined in section 5102 (d) of the Insurance Law as follows: " 'Serious injury' means a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment."

Once defendant has made a showing by evidence in admissible form of its entitlement to relief on a motion for summary judgment, the court must determine as a matter of law whether plaintiff has met his burden of establishing a prima facie case that he sustained a serious injury within the meaning of the statute *(see, Lowe v Bennett,* 122 AD2d 728, 729,

*affd* 69 NY2d 700; *Dwyer v Tracey,* 105 AD2d 476). The Court of Appeals, in construing the term "significant limitation of use of a body function" has held that it means "something more than a minor limitation of use" *(Licari v Elliott,* 57 NY2d 230, 236). As to the latter category of injury, the inability to perform substantially one's daily activities, the Court of Appeals stated that "the words 'substantially all' should be construed to mean that the person has been curtailed from performing his usual activities to a great extent rather than some slight curtailment", and that the period of disability must extend at least 90 days *(Licari v Elliott, supra,* at 236). In our view, neither plaintiff sustained injuries that fall within either of these categories and the complaint should be dismissed.

Plaintiff John McKnight suffered a cervical strain that allegedly aggravated a preexisting degenerative arthritic condition. However, he did not seek emergency treatment, nor did he see a medical doctor for his injury, but saw only a chiropractor. He was never hospitalized, and was, by his admission in his bill of particulars, confined to his bed for only three days and to his home for an additional two weeks. Plaintiff's self-serving comments concerning his inability to work, without more, are insufficient to defeat a motion for summary judgment *(see, Zoldas v Louise Cab Corp.,* 108 AD2d 378, 383).

Plaintiff Marjorie McKnight was taken to the emergency room of a hospital following the accident. No external injuries were found and she was released the same day with instructions to take Tylenol and to wear a cervical collar. She was treated by her chiropractor. Doctors who examined Mrs. McKnight at defendant's request opined that the subjective complaints she had were the result of a preexisting degenerative condition in her cervical spine and not the result of an injury incurred in the accident. Examination by these physicians found little or no limitation of movement and no evidence of spasm. Both physicians found that her complaints of pain were primarily subjective. The conclusion of Dr. Young, that Mrs. McKnight was "totally" disabled for 4 to 6 months, is not supported by any medical evidence. Although Mrs. McKnight's chiropractor opined in his report that she had some partial permanent injury to the cervical spine, he based this conclusion on her continued subjective complaints of pain. Projections of disability based upon subjective complaints of pain without objective medical findings are insufficient to defeat a motion for summary judgment *(see, Lowe v Bennett, supra; Berben v Arain,* 124 AD2d 379, 381; *Zoldas v Louise*

*Cab Corp., supra,* at 384; *Dwyer v Tracey, supra,* at 477). (Appeal from order of Supreme Court, Erie County, Flaherty, J.—summary judgment.) Present—Dillon, P. J., Doerr, Green, Pine and Davis, JJ.