■ Joni Albanese, Appellant, v John B. Stevens, Respondent.—Mercure, J. Appeals (1) from an order of the Supreme Court (Mugglin, J.), entered December 15, 1987 in Delaware County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered March 29, 1988 in Delaware County, which denied plaintiff's motion for renewal.

Plaintiff commenced this action to recover for injuries alleged to have been sustained in a January 1981 automobile accident. Although claimed back and hip injuries formed the basis for the action, the record of an emergency room treatment two days following the accident shows that plaintiff was four months pregnant and that the only reported injury was to her right upper arm. With the exception of routine obstetrical care attendant to her pregnancy, the only treatment received for hip or back problems was one visit to an orthopedist in May 1984. Following service of all pleadings and discovery, defendant moved for summary judgment dismissing the complaint upon the ground that plaintiff did not suffer a serious injury as defined in Insurance Law § 5102 (d). Supreme Court granted the motion and dismissed the complaint, rejecting plaintiff's claim that she suffered a permanent loss of use of a body organ, member, function or system, permanent consequential limitation of use of a body organ or member, or significant limitation of use of a body function or system.*

---

* Supreme Court determined that plaintiff had abandoned her prior claim that her injuries resulted in significant disfigurement or a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her

Plaintiff's subsequent motion to renew was also denied. Plaintiff appeals from both orders.

We affirm. Defendant supported his motion for summary judgment with an affirmation of Dr. Donald Tilson, an orthopedist who examined plaintiff in July 1987 and opined that she had not suffered a serious injury within the statutory definition, thereby shifting the burden to plaintiff to come forward with competent evidence to support her claim. Plaintiff submitted the affirmation of Dr. Alexander Messer, who examined plaintiff once in October 1987. Messer's examination did disclose objective symptoms of injury, including a limp, paravertebral muscle spasms and tenderness of the lower back, some limitation in flexion and straight leg raising with pain and radiation, depressed deep tendon reflexes, downturning toes, some pain in extreme hip movement, valgus neck deformity of both hips and degenerative changes in both femoral heads. However, no opinion was given as to the extent or anticipated duration of any resultant limitation or, specifically, whether plaintiff's injuries resulted in permanent consequential limitation of use of a body organ or member or significant limitation of use of a body function or system (see, Licari v Elliott, 57 NY2d 230, 239; Kordana v Pomellito, 121 AD2d 783, 784-785, appeal dismissed 68 NY2d 848; Dwyer v Tracey, 105 AD2d 476, 477-478; see also, Scheer v Koubek, 70 NY2d 678). This deficiency is fatal, particularly in view of the fact that plaintiff did not submit her own affidavit or any other evidence of causally related limitation and that, as previously noted, plaintiff sought treatment for back and hip problems on no more than two occasions during the seven years following the accident. Moreover, there appears to be no factual basis for Messer's conclusion that the conditions he observed in 1987 were caused by the 1981 accident, an opinion which appears to be nothing more than speculation (see, Lowe v Bennett, 122 AD2d 728, 730, affd 69 NY2d 700; Dwyer v Tracey, supra, at 477; Bugge v Sweet, 90 AD2d 858, 859, affd 61 NY2d 710).

Finally, the motion to renew was properly denied since plaintiff offered no excuse for her failure to submit the proffered "new" evidence at the time of the initial motion (see, Mayer v McBrunigan Constr. Corp., 123 AD2d 606). Moreover, the additional affidavit would not have affected the outcome of defendant's motion for summary judgment.

usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment. Similarly, plaintiff does not assert any such claim on appeal to this court.

Orders affirmed, with costs. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.