■ PETER A. PASQUALINO, Appellant, v BENJAMIN R. MURPHY et al., Respondents.—Mikoll, J. Appeal from an order of

the Supreme Court (Brown, J.), entered April 7, 1988 in Saratoga County, which granted defendants' motion to dismiss the complaint for failure to state a cause of action.

Plaintiff commenced this action to recover for personal injuries incurred on January 8, 1987, when an automobile owned by defendant Benjamin R. Murphy and operated by defendant Michelle A. Murphy collided with plaintiff's parked vehicle wherein plaintiff was seated. Plaintiff alleges that his neck and back were injured as a result of the collision. Plaintiff seeks recovery based on his contention that he sustained serious and permanent personal injuries as defined in Insurance Law § 5102 in that he incurred an acute cervical strain resulting from a whiplash type of injury, with pain in the neck and back area. Plaintiff contends that the injuries are permanent in that he experiences and will continue to experience intermittent pain in the neck and back, limiting his ability to lift heavy objects.

Defendants moved to dismiss plaintiff's complaint on the ground that plaintiff has not sustained a "serious injury" as defined in Insurance Law § 5102 (d). Supreme Court, in granting the motion and dismissing the complaint, found that plaintiff's allegation of disability was not persuasive based on the entire record. The court found it particularly significant that despite plaintiff's alleged disability, he has engaged in breaking up cement steps.

The issue here is whether, as a matter of law, dismissal of the complaint is appropriate (see, Savage v Delacruz, 100 AD2d 707). Plaintiff relies on the category of serious injury set out in Insurance Law § 5102 (d) relating to a "significant limitation of use of a body function or system". The record discloses that plaintiff, a teacher, lost no time from work after the accident. The cervical strain he incurred had within 10 days receded and became intermittent in nature, reappearing sometimes monthly or every two weeks and lasting hours or 1 or 2 days. In opposition to defendants' motion, plaintiff submitted some medical reports by Dr. Edward J. Ballantine, including two dated September 28, 1987 and October 28, 1987, which indicated that plaintiff had "no significant functional handicap", that there is minimal loss of motion and only "slight discomfort on full rotation to the left side in the right paracervical area". The doctor opined that plaintiff sustained a functional limitation including difficulty doing more strenuous work, such as heavy lifting and overhead work, and this is a "permanent, symptomatic condition resulting in a mild to moderate overall disability".

There should be an affirmance of Supreme Court's order. The Court of Appeals in *Licari v Elliott* (57 NY2d 230, 236) stated that "the word 'significant' as used in the statute pertaining to 'limitation of use of a body function or system' should be construed to mean something more than a minor limitation of use". We conclude, based on a review of the record before us and taking it in the light most favorable to plaintiff, that the injury here, at best, was a painful strain which soon resolved itself, and the recurring discomforts are not debilitating enough so as to constitute a significant limitation of use of a body function or system. Consequently, plaintiff has failed to meet the threshhold requirement of proving that he suffered a serious injury. Supreme Court therefore properly granted defendants' motion and dismissed the complaint.

Order affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.