■ MARGARET GRAY, Appellant, v BARBARA STEGER et al., Respondents.—Mikoll, J. Appeals (1) from two orders of the Supreme Court (Lynch, J.), entered March 31, 1988 in Schenectady County, which granted defendants' motion and cross motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered September 16, 1988 in Schenectady County, which denied plaintiff's motion for renewal and/or reargument.

On July 27, 1983, plaintiff allegedly sustained personal injuries as the result of a three-car accident that occurred at an intersection in the Town of Scotia, Schenectady County. The record reveals that when defendant Catherine Foyle brought her automobile to a stop behind plaintiff's stopped automobile, the automobile operated by defendant Barbara Steger struck the rear of Foyle's automobile, propelling it into the rear of plaintiff's vehicle. Plaintiff was taken from the scene by ambulance to the hospital where she was examined and treated in the emergency room. She was not admitted to the hospital. She stated that in the ambulance she felt pain in her forehead, in the back of her head and all the way down her back past the beltline. She also felt nausea along with numbness and tingling in the fingers of both her hands. She had the same complaints in the emergency room. She was treated there by Dr. J. Holmblad, who had previously treated her for a broken back that she sustained in 1981 due to a fall on ice. Plaintiff still experienced back pains from the 1981 fall. An X-ray examination of her cervical spine indicated no fracture or malalignment. An X-ray examination of her lumbar spine revealed a T12 compression, unchanged in degree since 1981. Plaintiff, an elementary school teacher, stopped teaching summer school after the accident and did not return to teaching until the September 1983 semester when she resumed her teaching duties full time but on a limited sched-

ule. She also assumed the role of coordinator of the school's unified arts program.

Plaintiff did not consult any doctor for her injuries from August 29, 1983 until August 25, 1987 when she was examined by Dr. William Bronk, an orthopedic surgeon. Bronk concluded that there was a narrowing of the C5 disc space, suggesting some degenerative disease which preexisted the automobile accident. Additionally, he found no objective evidence of any serious injury or physical impairment resulting from the accident. Bronk also concluded that plaintiff was in no need of any further medical treatment for her complaints.

Plaintiff commenced this negligence action in August 1984 against Steger and Foyle seeking damages for the injuries she sustained as a result of the accident. In November 1987, Steger moved and Foyle cross-moved for summary judgment dismissing the complaint on the ground that plaintiff had not sustained a serious injury as defined by Insurance Law § 5102 (d). Thereafter, on December 3, 1987, plaintiff was examined by Dr. William Kite, Jr., who diagnosed her as having hypalgesia in C6 and C7, weakness in both triceps and limited neck movement. Another examination by Kite conducted on December 29, 1987 revealed that plaintiff had a narrowing and spurring at C5 and C6. However, Kite did not give any opinion as to the cause of these injuries.

In a decision granting summary judgment in favor of defendants dismissing the complaint, Supreme Court ruled that plaintiff failed to establish that she sustained a serious injury within the meaning of Insurance Law § 5102. Plaintiff then moved on April 12, 1988 to renew and/or reargue defendants' prior motion and cross motion. The following day plaintiff filed a notice of appeal with respect to the order granting summary judgment in favor of Foyle. On April 22, 1988 plaintiff filed a notice of appeal with respect to the order in favor of Steger. Supreme Court thereafter denied plaintiff's motion to renew and/or reargue. Plaintiff also appealed that order.

Initially, we address two issues of a procedural nature. First, since the notice of appeal from the order granting summary judgment in favor of Foyle was dated April 13, 1988 but plaintiff's record and brief on appeal were not filed within nine months thereafter as required by 22 NYCRR 800.12, plaintiff's appeal from this order must be deemed abandoned and dismissed. This appeal can only be revived by a motion on notice to this court demonstrating excusable neglect for the delay and a meritorious appeal (see, Basset v Powers, 126

AD2d 867, 868, *lv denied* 69 NY2d 610). Second, defendants' contention, that plaintiff's motion to reargue and/or renew is actually a motion to reargue and not appealable, is well taken. No appeal lies from an order denying a motion to reargue *(see, State of New York Higher Educ. Servs. Corp. v Starr,* 115 AD2d 828, 829; *see also, Matter of Hooker v Town Bd.,* 60 AD2d 684, 685). Accordingly, the appeal from the order denying plaintiff's motion to reargue should therefore be dismissed.

Turning to the merits of plaintiff's appeal from the order of dismissal in favor of Steger, there should be an affirmance. Plaintiff has failed to demonstrate that she sustained a serious injury within the meaning of Insurance Law § 5102 (d).

We initially reject plaintiff's argument that the issue of whether she sustained a serious injury is governed by the reasonable man standard and should therefore have been submitted to the jury. "It is incumbent upon the court to decide in the first instance whether plaintiff has a cause of action to assert within the meaning of the statute" *(Licari v Elliott,* 57 NY2d 230, 237). Here, plaintiff has not shown that she suffered a permanent loss of a body organ, member, function or system *(see, Dwyer v Tracey,* 105 AD2d 476, 477; *see also, Bugge v Sweet,* 90 AD2d 858, *affd* 61 NY2d 710). Kite's reports do not mention the cause of plaintiff's injuries and he does not attribute them to the accident of July 27, 1983. The hospital records show that plaintiff sustained a mild concussion with neck and back strain. Bronk did not find any objective evidence of any serious physical injury or impairment resulting from the accident in question.

Further, plaintiff failed to prove that she sustained a permanent consequential limitation of use of a body organ or member *(see, Kordana v Pomellito,* 121 AD2d 783, 784, *appeal dismissed* 68 NY2d 848). Plaintiff was able to return to work within two months of the accident, her complaints were subjective and there is no expert testimony that the accident was a cause of her complaints in this regard. We also reject plaintiff's contention that she suffered a significant limitation of the use of a body function or system. Plaintiff has failed to establish such a limitation by the required competent medical evidence *(see, supra,* at 785; *see also, Dwyer v Tracey, supra).*

Next, we find no merit to plaintiff's claim that questions of fact exist as to whether she was capable of performing her usual daily activities for at least 90 of the 180 days after the accident. The record reveals that plaintiff taught and was

present in all of the classes she was assigned and also assumed the unassisted role of coordinator of the unified arts program. As used in Insurance Law § 5102 (d), "substantially all" means that a person has been prevented from performing his or her usual activities to a great rather than a slight extent *(see, Licari v Elliott,* 57 NY2d 230, 236, *supra).* Plaintiff has submitted no competent medical evidence to support a finding of such incapacity.

Finally, we find no merit to plaintiff's argument that the grant of summary judgment was improper since defendants failed to present neurological proof to offset the findings of Kite, plaintiff's expert neurologist. Such evidence is not required in order to prevail on a motion for summary judgment dismissing a claim for failing to establish a serious injury *(see, Songer v Henry W. Muthig, Inc.,* 131 AD2d 657). Moreover, in view of the evidence in this case, Bronk's sworn medical report indicating that plaintiff's injuries were not caused by the 1983 accident is adequate support for Supreme Court's grant of summary judgment in favor of Steger.

Order entered March 31, 1988 granting defendant Barbara Steger's motion for summary judgment affirmed, without costs.

Appeal from order entered March 31, 1988 granting defendant Catherine Foyle's cross motion for summary judgment dismissed, without costs.

Appeal from order entered September 16, 1988 dismissed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.