■ FRANCES STOWELL, Respondent, v RAY HUNTLEY, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Williams, J.), entered December 16, 1988 in Saratoga County, which denied defendant's motion to dismiss the complaint for failure to state a cause of action.

Plaintiff was involved in a two-car automobile accident in December 1986 while driving her car on United States Route 9 in Saratoga County. While plaintiff was able to return to work approximately 2½ months after the accident, she complained of a burning or numbness in her right knee and sought further medical treatment. Plaintiff subsequently commenced this action against defendant to recover for personal injuries she sustained in the accident. Plaintiff's action is premised on her contention that the injuries to her right knee in the accident resulted in serious and permanent injuries. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) on the ground that plaintiff had failed to establish a prima facie case that she had sustained a "serious injury" as defined in Insurance Law § 5102 (d). Supreme Court denied this motion and this appeal by defendant followed.

We find that Supreme Court's order must be reversed. Even though plaintiff's claim as alleged in her complaint may be perfectly valid on its face, it may still be the subject of attack under CPLR 3211 (a) (7) (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:25, at 31). Plaintiff maintains that the injury to her right knee has resulted in a "permanent loss of use of a body organ, member,

function or system", "permanent consequential limitation of use of a body organ or member" and a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). However, in support of his motion to dismiss, defendant submitted an affidavit by Dr. Fiaz Choudhri who examined plaintiff in June 1988. In his report, Choudhri found that, while plaintiff had sustained a soft tissue injury with "on and off discomfort", he felt that the injury was not permanent and would not limit her activities. Specifically, he found no limitation of movement in plaintiff's knee and no loss of sensation. He also stated that plaintiff walked normally.

In opposition to defendant's motion, plaintiff submitted, along with an affidavit from her attorney, five unsworn physicians' reports. It is well established that medical proof of this nature is not evidentiary proof in admissible form (see, CPLR 3211 [c]; Callas v Malone, 135 AD2d 1016; Brooks v Horning, 27 AD2d 874, appeal dismissed 20 NY2d 760). Were we to assume that plaintiff's proof was competent, we would still be compelled to find that plaintiff has failed to meet the threshold requirement of proving that she suffered a serious injury (see, Pasqualino v Murphy, 149 AD2d 779; Locatelli v Blanchard, 108 AD2d 1032). Dr. Steven Barr, a chiropractor, stated that an orthopedic examination might show that plaintiff has a problem she must live with. Since this possibility is clearly only speculative, it cannot credibly support a claim of permanent loss (see, Dwyer v Tracey, 105 AD2d 476, 477).

Nor do we see evidence to substantiate a permanent "consequential" or significant loss (supra, at 477; see, Kordana v Pomellito, 121 AD2d 783, 784, appeal dismissed 68 NY2d 848). Plaintiff returned to work 2½ months after the accident. There was no evidence submitted to establish that the injury has limited plaintiff's ability to do her routine activities both at work and at home. As for plaintiff's claim that she has suffered a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]), it is notable that, aside from Barr's report, the statements of the other physicians characterize plaintiff's injury as being slight or minimal (see, Licari v Elliott, 57 NY2d 230, 236; Kordana v Pomellito, supra, at 785). Since Barr's statement was made without benefit of having proper medical tests performed and was therefore merely speculative, it cannot be said that a prima facie case of serious injury has been established. Accordingly, defendant's motion to dismiss should have been granted.

Order reversed, on the law, with costs, motion granted and

complaint dismissed. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.