■ JOHN N. GRASSO, Appellant, v KELLY M. ANGERAMI, Respondent.—Weiss, J. Appeals (1) from an order of the Supreme Court (Doran, J.), entered April 17, 1990 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered October 26, 1990 in Schenectady County, which denied plaintiff's motion for reconsideration.

On October 10, 1983, plaintiff's motor vehicle was struck from behind triggering this personal injury action against defendant. Defendant moved for summary judgment arguing that plaintiff had not sustained a serious injury as defined by Insurance Law § 5102 (d). Plaintiff's proof in opposition con-

sisted of his affidavit and an unsworn letter-report from his doctor which included copies of two pages of office notes. Finding this proof to be legally insufficient in form, Supreme Court granted defendant's motion and dismissed the complaint. Immediately thereafter plaintiff procured a letter-report from his doctor in a proper sworn format, but delayed moving for renewal or reargument for five months without an excuse. This motion was denied.*

Plaintiff appeals seeking an exception to the rule that medical evidence to establish a serious injury must be in admissible form (see, Stowell v Huntley, 154 AD2d 810, 811; see also, Zuckerman v City of New York, 49 NY2d 557). The unsworn doctor's report and office notes initially submitted by plaintiff in opposition to .defendant's motion do not suffice to rebut the sworn opinion of defendant's medical expert (see, Rohr v Hoyt, 159 AD2d 980). We see no reason to depart from the long-established rule.

Finally, to the extent that plaintiff characterized his second motion as one for renewal based upon the medical report which had been prepared in evidentiary form, we find that Supreme Court's denial was proper. Plaintiff neglected to offer a valid excuse for his failure to have provided the medical report in proper form in the first instance or for his delay of five months in making the motion after it was put in the proper form (see, Foley v Roche, 68 AD2d 558, 568).

Orders affirmed, without costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr. and Harvey, JJ., concur.

---

* To the extent that plaintiff's motion may have been for reargument, we note that the denial of a motion for reargument is not appealable (Matter of Kempf v Town of Esopus, 92 AD2d 1076, 1077).