■ CHERYL HEMMES et al., Appellants, v ERIC TWEDT et al., Respondents.—Mercure, J. Appeal from an order of the Supreme Court (Hughes, J.), entered February 19, 1991 in Schoharie County, which granted defendants' motions for summary judgment dismissing the complaint.

Plaintiffs commenced this action to recover for injuries sustained by plaintiff Cheryl Hemmes (hereinafter plaintiff) in a January 3, 1987 auto accident. Following discovery, defendants Eric Twedt and Casper Twedt moved and defendant Alton Waters cross-moved for summary judgment upon the ground that plaintiff failed to sustain a "serious injury" as defined in Insurance Law § 5102 (d). Supreme Court granted defendants' motions and dismissed the complaint. Plaintiffs appeal.

We affirm. Defendants supported their motions with affidavits of Dominic Sette-Ducati and Fiaz Choudhri, specialists in neurology and neurosurgery, respectively, who opined, based upon their examinations of plaintiff, that she suffered from no causally related limitation other than "mild tenderness in the right side of the neck and occipital area from minor soft tissue irritation". In opposition to the motion, plaintiff claimed that she sustained injuries to her neck, arm, wrist and head and "would qualify as suffering from a significant limitation of a body function or a system" (which we take to mean a "significant limitation of use of a body function or system" [Insurance

Law § 5102 (d)]), significant disfigurement, and "a medically determined injury of a non permanent nature which substantially curtailed performance of [plaintiff's] daily activities for 90 of the 180 days following the accident".*

The only competent nonhearsay medical evidence submitted in support of plaintiff's claims is the affidavit of Lorraine Davis, plaintiff's family physician. Davis saw plaintiff four times in 1987 and again in December 1988 and in June 1989. According to Davis, the only causally related medical condition suffered by plaintiff is "chronic cervical strain syndrome", which she indicates is permanent. However, the only stated consequence of this condition is an unspecified degree of "limitation of motion and function in [plaintiff's] neck and cervical area". Notably, Davis makes no mention of any activities which plaintiff has been or will be unable to perform as the result of this condition and offers no opinion as to the significance of the limitation (cf., Lopez v Senatore, 65 NY2d 1017, 1020). Accordingly, even if we were to accept Davis' findings of muscle spasm and tenderness as objective support for her diagnosis (see, Cammarere v Villanova, 166 AD2d 760, 761), there is no medical evidence to support a finding that plaintiff suffered any limitation which could be characterized as "significant" or "consequential" (see, Gaddy v Eyler, 167 AD2d 67, 70-71; Pasqualino v Murphy, 149 AD2d 779, 780-781; Albanese v Stevens, 148 AD2d 805, 806; Kordana v Pomellito, 121 AD2d 783, 784-785, appeal dismissed 68 NY2d 848; Dwyer v Tracey, 105 AD2d 476).

Finally, we agree with Supreme Court that no scar can be seen in the photograph submitted by plaintiff. Accordingly, we reject plaintiff's claim of significant disfigurement (see, Edwards v DeHaven, 155 AD2d 757).

Weiss, P. J., Levine and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.

---

* The current claim that plaintiff suffered "permanent loss of use of a body function or system" was not raised before Supreme Court and, accordingly, has not been preserved for appellate review. In addition, the claim that plaintiff was prevented from performing substantially all of her usual and customary daily activities for 90 of the 180 days immediately following the accident has not been raised on appeal and is, thus, abandoned.