■ SONIA ARMSTRONG, Respondent, v LARRY E. WOLFE et al., Appellants, et al., Defendants.—Harvey, J. Appeal from an order of the Supreme Court (Cholakis, J.), entered May 15, 1986 in Rensselaer County, which denied a motion by defendants Larry E. Wolfe and Stott & Davis Motor Express, Inc., for summary judgment dismissing the complaint against them.

In May 1979, a truck owned by defendant Stott & Davis Motor Express, Inc. (Motor Express) and driven by defendant Larry E. Wolfe ran into the rear of an automobile in which plaintiff was a passenger. Plaintiff was taken to the emergency room of Auburn Memorial Hospital in the City of Auburn, Cayuga County, where she complained of back pain. She was discharged and advised to see her family doctor. Two days later she sought treatment for her discomfort at the emergency room of St. Mary's Hospital in the City of Troy, Rensselaer County. X rays revealed "minimal reversal of the normal [cervical] lordotic curve without evidence of fracture or subluxation". Approximately three months after the accident, on August 8, 1979, plaintiff visited an orthopedist, Dr. Agit Khanuja, who noted a "slight straightening of the normal cervical lordosis". A second examination of plaintiff in January 1980 by Khanuja revealed no objective evidence of injury and plaintiff was advised to do back-strengthening exercises.

Plaintiff commenced this action against, among others, defendants Motor Express and Wolfe (hereinafter defendants) in May 1982. In March 1986, defendants moved for summary judgment upon the ground that plaintiff had not suffered a "serious injury". At that time, plaintiff, who apparently had not sought medical advice regarding her alleged back pain in over six years, returned to Khanuja. The examination revealed "no [neurological] deficit in the upper or lower extremities" and X rays taken at this visit were "essentially negative". Ostensibly based on her complaints of continued pain, plaintiff was diagnosed as having a chronic back strain. She was advised to lose weight and do back-strengthening exercises. Defendants' motion for summary judgment was ultimately denied by Supreme Court. The court found a factual issue presented by plaintiff's allegations of continuing pain. This appeal followed.

We reverse. It is, of course, for the courts to decide in the first instance whether a plaintiff has made a prima facie showing of "serious injury" *(see, e.g., Licari v Elliott,* 57 NY2d 230, 237; *Jones v Sharpe,* 99 AD2d 859, *affd* 63 NY2d 645). When a defendant's motion for summary judgment properly raises an issue as to whether a "serious injury" has been sustained, it is incumbent upon the plaintiff to produce evidentiary proof in admissible form in support of his or her allegations *(see, Kordana v Pomellito,* 121 AD2d 783, 784, *appeal dismissed* 68 NY2d 848; *cf., Vermette v Kenworth Truck Co.,* 68 NY2d 714, 717; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Subjective complaints of pain which are unsupported by credible medical evidence are insufficient *(Kordana v Pomellito, supra,* at 784; *Dwyer v Tracey,* 105 AD2d 476).

Here, defendants submitted in support of their motion for summary judgment, *inter alia,* a sworn affidavit from Dr. Nicholas Teresi, a physician who had also examined plaintiff. Teresi's examination revealed "normal curvature of the back and neck, no muscle spasm or rigidity, and full range of motion in all respects". He concluded that there was "no objective evidence of disability or permanent injury". Plaintiff, on the other hand, submitted an attorney's affidavit, her own affidavit and unsworn medical reports. Neither plaintiff nor her attorney is qualified to render medical opinions and the medical reports are unsworn hearsay *(see, La Frenire v Capital Dist. Transp. Auth.,* 96 AD2d 664, 665). It is thus evident that plaintiff failed to produce evidentiary proof in admissible form to substantiate her allegations.

However, even considering the unsworn medical reports submitted by plaintiff, we cannot find sufficient evidence of a "serious injury" to preclude summary judgment. The only medical evidence which arguably supports plaintiff's allegations are the diagnoses rendered within three months of the accident that she had a "minimal" or "slight" straightening of the normal cervical lordosis. No evidence has been presented that this condition has persisted in the eight years since the accident. X rays taken in 1986 were "essentially negative". It is not without significance, that, as evidenced by the record, there was a six-year period in which plaintiff did not seek any medical attention for her purported condition *(cf., Passonno v Hall,* 125 AD2d 767). Further, the most recent examination of plaintiff revealed no objective evidence of her injury. At that examination, Khanuja inferred that the cause of plaintiff's lower back pain was obesity. He did not mention the accident

as a cause of her purported pain. We conclude that summary judgment should have been granted to defendants.

Order reversed, on the law, with costs, motion for summary judgment granted and complaint dismissed against defendants Larry E. Wolfe and Stott & Davis Motor Express, Inc. Mahoney, P. J., Casey, Mikoll, Levine and Harvey, JJ., concur.