■ BARBARA EVANS, Appellant, v DANIEL FULLER et al., Respondents.—Yesawich, Jr., J. Appeals (1) from an order of the Supreme Court (Dier, J.), entered May 5, 1987 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered June 30, 1987 in Schenectady County, which denied plaintiff's motion to renew and/or reargue the motion.

Defendants were awarded summary judgment dismissing plaintiff's personal injury complaint on the ground that plaintiff failed to demonstrate that she suffered a serious injury as defined in Insurance Law § 5102 and as required under Insurance Law § 5104 to sustain a cause of action.

Injured in a motor vehicle accident on Saturday, January 18, 1986, plaintiff was taken to a hospital where she was diagnosed as having sustained a sprain of the cervical spine; a cervical collar and Clinoral were prescribed. The following Monday, she returned to work as a knitting company supervisor and was able to perform her normal job activities, except that she could not lift "heavy" boxes. She discontinued wearing the cervical collar after a week, but soon began receiving treatment for lumbosacral and cervical strain from a chiropractor. Plaintiff was also unable to vacuum or iron for one month following the accident; she also complained of a "clicking" in her temporomandibular joint which made a "grinding" noise upon movement of the lower jaw, but caused no pain.

Defendants, following an examination of plaintiff by their medical expert, moved for summary judgment. Their moving papers included a medical report, affirmed under penalty of perjury (CPLR 2106), by their orthopedic surgeon that recited the various tests conducted during his examination of plaintiff, his findings and his conclusion that, while plaintiff may have suffered a cervical strain because of the accident, there was no longer any indication of that condition, no objective evidence of any ongoing disability and no permanency as a result of the accident. In response, the only matter of substance plaintiff offered was a medical report, affirmed by an oral surgeon, which recounted the findings of another professional who had performed a CAT scan of plaintiff's temporomandibular joints. However, nowhere in that report is there a diagnosis of any serious injury or a statement that the temporomandibular conditions observed or that the slight neck

arthritis plaintiff complained of are permanent or significant in any respect, or were caused by the motor vehicle accident. Nor is there any evidence that plaintiff suffered an injury or impairment of a nonpermanent nature which prevented her from substantially performing her usual daily activities for 90 of the 180 days immediately following the accident. Plaintiff having failed to furnish satisfactory evidence supportive of her allegation that she suffered a serious injury, Supreme Court was obliged to dismiss her complaint.

Even if we were at liberty to consider the oral surgeon's supplemental report, which was neither verified nor affirmed (see, Armstrong v Wolfe, 133 AD2d 957), submitted on plaintiff's motion to reargue and/or renew, we would affirm, for that report, while noting that arthritic changes in plaintiff's left temporomandibular joint present "some functional limitation", fails to define the degree of that limitation and there is no representation that it is permanent, let alone significant (see, Licari v Elliott, 57 NY2d 230, 239).

Orders affirmed, without costs. Kane, J. P., Casey, Yesawich, Jr., and Harvey, JJ., concur.