■ PHILOMENA CANNIZZARO, Respondent, v ROY J. KING, Appellant.—Levine, J. Appeal from that part of an order of the Supreme Court (Doran, J.), entered November 7, 1991 in Schenectady County, which partially denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover for injuries sustained by her as the result of an automobile accident in which her stopped vehicle was struck from behind by a vehicle driven by defendant. It was alleged by plaintiff that she sustained a "serious injury" within the meaning of Insurance Law § 5102 (d) in that she suffered (1) permanent loss of use of a body organ, member, function or system, (2) permanent consequential limitation of use of a body organ or member, and (3) significant limitation of use of a body function or system.

Following joinder of issue and various discovery, defendant moved for summary judgment dismissing the complaint on the ground that no question of fact existed as to plaintiff's serious injury claim. Supreme Court partially granted defendant's motion, concluding that plaintiff failed to establish that she suffered a permanent loss of use of a body organ, member function or system or a permanent consequential limitation of use of a body organ or member, but denied summary judgment in full based upon its finding that a question of fact existed as to whether plaintiff sustained a significant limitation of use of a body function or system. This appeal by defendant ensued.

In our view, Supreme Court erred in refusing to grant defendant's motion for summary judgment in its entirety. With regard to the issue of whether plaintiff sustained a serious injury under the significant limitation definition, defendant came forward with an affirmed medical report from

Fiaz Choudhri, a neurosurgeon who examined plaintiff eight months after the accident, in which he stated that plaintiff "probably has soft tissue injuries in the neck and lower back as [a] result of the accident", but concluded that "her condition seems to have recovered to the point of her condition prior to the accident" and that she had suffered no causally related disability. Also included in defendant's moving papers was a medical report from John Kavanaugh, an orthopedic surgeon who examined plaintiff approximately 2½ years after the accident, in which he stated that plaintiff "has chronic mild back strain with a mild permanency related to the [accident]" and "mild limitation of use of her back and right leg". That report, however, was neither affirmed (see, CPLR 2106) nor in affidavit form and, thus, should not be considered by this Court (see, Evans v Fuller, 136 AD2d 856, 857; Armstrong v Wolfe, 133 AD2d 957, 958). In any event, regardless of whether Kavanaugh's report is considered as part of defendant's proof, defendant made an adequate prima facie showing that plaintiff had not suffered a significant limitation of use of a body function or system (see, Gaddy v Eyler, 79 NY2d 955, 956-957). The burden then shifted to plaintiff to substantiate her claim with competent medical evidence (see, supra, at 957).

The sole medical evidence submitted by plaintiff in opposition to defendant's motion was an affidavit from Edward Kinum, a chiropractor who treated plaintiff over the three-week period following the accident. Kinum averred that he diagnosed plaintiff as having suffered a "lumbo-sacral strain complicated by cervical strain" and that plaintiff "sustained a significant limitation in the lumbo-sacral area". Kinum also opined that plaintiff was 100% totally disabled from her normal household and professional duties during the three-week period after the accident. This proof was insufficient to satisfy plaintiff's burden. Although Kinum's evaluation of plaintiff's injuries was predicated on his observation and treatment of her on six occasions, Kinum's affidavit fails to set forth the factual basis for his opinion that plaintiff suffered "a significant limitation in the lumbo-sacral area". This conclusory assertion, clearly tailored to meet statutory requirements, is not adequate to establish a serious injury under the No-Fault Law (Insurance Law art 51) (see, Lopez v Senatore, 65 NY2d 1017, 1019). Nor is Kinum's finding that plaintiff was 100% disabled for a limited period of time following the accident sufficient to meet the statutory threshold (see, Leschen v Kollarits, 144 AD2d 122, 123).

Finally, we are unpersuaded by plaintiff's contention that

the inconsistency in the medical reports of Choudhri and Kavanaugh creates a question of fact with respect to whether she sustained a significant limitation of use of a body function or system. Assuming we were to consider Kavanaugh's report and resolve the inconsistency in plaintiff's favor, the most that is shown is that plaintiff suffered a mild back strain resulting in a mild limitation of use of her back and right leg. Such a mild injury cannot be translated into a "significant limitation" within the meaning of Insurance Law § 5102 (d) (see, Gaddy v Eyler, 79 NY2d 955, 957, supra; Licari v Elliott, 57 NY2d 230, 236; Rivera v Pula, 173 AD2d 1000, 1001; Pasqualino v Murphy, 149 AD2d 779, 781).

Yesawich Jr., J. P., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied summary judgment to defendant on the issue of whether plaintiff suffered a significant limitation of use of a body function or system; motion granted to that extent and summary judgment awarded to defendant dismissing said claim; and, as so modified, affirmed.