■. NAOMI HENNIG et al., Appellants, et al., Plaintiffs, v. JAMES E. CROCKER, Respondent.— Judgment insofar as appealed from unanimously reversed on the law and facts and a new trial granted, with costs to abide the event. Memorandum: This action was commenced for damages sustained as the result of an intersection accident in which a vehicle driven by Naomi Hennig, and in which her infant children were passengers, was struck by defendant's automobile. Naomi Hennig, individually, and Richard Hennig, on behalf of their infant children, sought damages for personal injuries sustained and Richard Hennig in his derivative action also sought reimbursement for expenses incurred as the result of medical treatment rendered to his wife and children. The jury initially returned a verdict of no cause of action on each of the personal injury claims and, strangely enough, returned verdicts in favor of Richard Hennig for medical expenses incurred in behalf of his wife and both children. Recognizing the inconsistency in the jury's findings, the court directed the jury to redeliberate their verdicts. However, instead of resubmitting the entire case, the court accepted the jury's finding of no cause of action in Naomi's personal injury action and directed the jury to reconsider the derivative action. This was error. If Mr. Hennig were entitled to recover for medical expenses necessary to treat his wife, it could be based only upon a finding that the wife recover in her personal injury action. Conversely, if the wife did not succeed on the personal injury claim, a verdict of no cause of action should necessarily result in the husband's derivative action (*Reilly* v. *Shapmar Realty Corp.*, 267 App. Div. 198, 200). "When . * * * the two actions are thus tried together and inconsistent verdicts are rendered, we incline to the view that sound practice requires both verdicts to be set aside at once, without attempting by analysis of the evidence, or otherwise, to discover whether either should be allowed to stand. No other course is safe, for it cannot be told with reasonable certainty what facts the jury found" (*Gray* v. *Brooklyn Hgts. R. R. Co.*, 175 N. Y. 448, 450; *Reilly* v. *Shapmar Realty Corp., supra; Castaldo* v. *Olkon,* 13 A D 2d 533). Accordingly, the judgment should be reversed as to the actions of Naomi Hennig and Richard Hennig, individually and as husband and wife and a new trial granted. Resolution of this question renders unnecessary the treatment of other claims of error. (Appeal from part of judgment of Genesee Trial Term in automobile negligence action.) Present — Goldman, P. J., Del Vecchio, Marsh, Gabrielli and Moule, JJ.

■ MARVIN R. DYE et al., as Trustees, Appellants, v. AARON LEWIS et al., Respondents, et al., Defendants.— Order unanimously modified in accordance with Memorandum and as so modified affirmed, with costs to respondents. Memorandum: The order appealed from should be modified by deleting from the first ordering paragraph thereof an exception from its provisions as to any denial or requests for relief in the amended answer of defendants Lewis which are inconsistent with the decision of Special Term dated August 27, 1971, such decision and the order granted thereon having been reversed on appeal to this court, and as modified, affirmed. (Appeal from order of Monroe Trial Term denying motion to dismiss third-party complaint.) Present — Goldman, P. J., Del Vecchio, Marsh, Gabrielli and Moule, JJ.