Peter **CAPUTO** and Marianne
Caputo, Plaintiffs,

v.

**BRAU CAB CORPORATION**, Casimiro
Irene, Joseph Caliguire and Frank
Caliguire, Defendants.

No. 86 Civ. 9628 (RWS).

United States District Court,
S.D. New York.

Feb. 11, 1988.

---

Levy Phillips & Konigsberg, New York City, for plaintiffs; by Alan J. Konigsberg, Moshe Maimon, of counsel.

Dinkes, Mandel, Dinkes & Morelli, New York City, for defendants Brau Cab Corp. and Camimiro Irene; by William Dinkes, of counsel.

Lester Schwab Katz & Dwyer, New York City, for defendants Caliguires; by Steven J. Rice, of counsel.

## OPINION

SWEET, District Judge.

Defendants Joseph and Frank Caliguire ("Joseph" and "Frank" respectively, the "Caliguires" collectively) have moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P., dismissing the claims against them by plaintiffs Peter and Marianne Caputo ("Peter" and "Marianne" respectively, the "Caputos" collectively), and dismissing all cross claims against them by Brua Cab Corp. ("Brua") and Casimiro Irene ("Irene"). Defendants Brua and Irene have joined in the motion against the Caputos, and have further moved for summary judgment pursuant to Rule 56 dismissing all cross claims against them by the Caliguires. For the reasons set forth below, the motions for summary judgment against the Caputos is granted in part and denied in part.

*Facts*

On December 2, 1984, at approximately midnight, the Caputos, residents of the State of Washington who were visiting New York City, were passengers in a taxi cab owned by Brua and driven by Irene. When the cab reached the intersection of West 57th Street and Seventh Avenue, it collided with an automobile owned by Joseph and operated by Frank.

Both plaintiffs were injured in the accident and were taken to Bellevue Hospital Center where they were treated and released. They immediately returned to Washington where each was confined to bed or home—Peter for approximately three days and Marianne for approximately twenty-four days.

As a result of the accident, Peter suffered a concussion and post concussion syndrome, and Marianne suffered a cervical spinal injury with damage to the surrounding soft tissue, in addition to a scalp laceration. Marianne had a history of cervical

degenerative disc problems prior to the accident.

*Discussion*

Defendants have moved for summary judgment on the ground that the Caputos have not provided enough proof of serious injury under New York insurance law to present an issue of fact. Such a motion is "an appropriate vehicle for determining whether a plaintiff can establish, *prima facie*, a serious injury." *Zoldas v. Louise Cab Corp.*, 108 A.D.2d 378, 489 N.Y.S.2d 468, 471 (1st Dep't 1985). Thus, it is this court's duty "not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Insurance Co.*, 804 F.2d 9, 11 (2d Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987).

Under New York's no-fault insurance law, an insured party can only recover against another insured party for economic loss in excess of $50,000—greater than "basic economic loss"—or for non-economic loss in the case of a "serious injury." New York Insurance Law § 5102(a). "Serious injury" is defined in relevant part as

> a personal injury which results in ... permanent loss of a use of a body organ, member, function or system; ... significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

*Id.* at § 5102(d). Both Peter and Marianne claimed loss for "serious injury," and Peter claims economic loss and loss of spousal services.

The New York Court of Appeals has strictly construed the serious injury requirement, noting the legislature's determination to " 'significantly reduce the number of automobile personal injury accident cases litigated in the courts, and thereby help contain the no-fault premium.' " *Licari v. Elliott*, 57 N.Y.2d 230, 441 N.E.2d 1088, 455 N.Y.S.2d 570, 573 (1982) (quoting Memorandum of State Executive Dept., 1977 McKinney's Session Laws of N.Y., p. 2448). The *Licari* court went on to construe two categories of "serious injury": "significant limitation" and "non-permanent" injury that prevents a person from performing "substantially all" material acts.

"Significant limitation" is a substantial limitation. It "should be construed to mean something more than a minor limitation of use." Thus "a minor, mild, or slight limitation of use should be classified as insignificant within the meaning of the statute." *Id.* 441 N.E.2d at 1091, 455 N.Y.S.2d at 573. "Likewise, ... the words 'substantially all' should be construed to mean that the person has been curtailed from performing his usual activities to a great extent rather than some slight curtailment." *Id.*

Permanent loss of a body function, on the other hand, need not be significant—only permanent. "Indeed, if it did, there would be no need to list 'significant limitation of use of a body function' in a separate category." *Miller v. Miller*, 100 A.D.2d 577, 473 N.Y.S.2d 513, 514 (2d Dep't 1984), *rev'd on procedural grounds*, 68 N.Y.2d 871, 501 N.E.2d 26, 508 N.Y.S.2d 418 (1986). Permanent loss of a body function or system "does not necessitate proof of a total loss ... but only proof that it 'operates in some limited way, or operates only with pain.' " *Dwyer v. Tracey*, 105 A.D.2d 476, 480 N.Y.S.2d 781, 783 (3d Dep't 1984) (quoting *Mooney v. Ovitt*, 100 A.D.2d 702, 703, 474 N.Y.S.2d 618 (3d Dep't 1984)).

In order to grant the Caliguire's motion, they would have to come forward "with sufficient evidence, in admissible form, to warrant, as a matter of law, a finding that plaintiff had not suffered a serious injury within the contemplation of [former] section 671[4] [now section 5102(d)]." *Zoldas*, 489 N.Y.S.2d at 471–72. If that burden is met, "plaintiff[s] ha[ve] the burden of coming forward with sufficient evidentiary

proof, in admissible form, to raise a triable issue of fact as to whether [they have] suffered ... serious injur[ies] within the meaning of the No–Fault Law." *Id.* at 472.

 The Caliguires have offered sufficient evidence to prove that Peter has not sustained a serious injury within the meaning of the statute. By his own admission in response to interrogatories, he is not suffering from a permanent injury, nor has he presented any proof of significant limitation or inability to perform substantially all his daily activities. Thus, Peter cannot sustain an action on his own behalf.

 Although the Caliguires have presented evidence rendering both the seriousness and the cause of Marianne's injury questionable, the Caputos have provided enough evidence in rebuttal to overcome a motion for summary judgment. The Caliguires have submitted evidence showing that Marianne, though claiming to be permanently injured or significantly limited, has been able to perform substantially all of her normal activities and was able to resume relatively normal activity within ninety days of the accident. Additionally, they have presented doctors reports that state that Marianne is in good neurological health, and medical testimony that states that her current spinal difficulties may be due to a preexisting condition.

To rebut this evidence, the Caputos have presented the testimony of two treating physicians, Dr. Natch, the Caputos' family physician, and Dr. Green, Marianne's orthopedist. Both of these doctors testified to a belief that Marianne cannot perform normal function without pain and that the pain Marianne is suffering from now is a permanent condition due in large part to the accident. Thus, she has submitted competent admissible medical testimony as is required. *See Zoldas, supra,* 489 N.Y.S.2d at 483; *Dwyer, supra,* 480 N.Y.S.2d 781. Whether this condition is indeed permanent and does cause more than mild pain with activity is a question of fact and is thus for the jury to decide.

 Peter's actions for greater than economic loss and spousal services are deriva-tive to Marianne's action and thus his claim can only survive if she recovers on her claim. *See Hennig v. Crocker,* 40 A.D.2d 582, 334 N.Y.S.2d 118 (4th Dep't 1972). However, Marianne, in her deposition stated that she and her husband were able to resume marital relations within "a couple of months" after the accident. Thus, any loss of services was not due to "serious injury" within the statutory definition and thus Peter cannot recover on this part of his claim.

*Conclusion*

The motion and cross motion for summary judgment is denied as against Marianne Caputo. The motions are granted as against Peter Caputo's claim for his own personal injury and for loss of services but denied insofar as they relate to his derivative action for greater than economic loss for Marianne's medical costs.

IT IS SO ORDERED.