Daniel **GEORGE**, et ano., **Plaintiffs**,

v.

Gregory **THOMAS**, et ano., **Defendants**.

**No. 94 Civ. 1576 (LAK).**

United States District Court,
S.D. New York.

June 15, 1995.

Appen Menon, Menon & Posner, New York City, for plaintiffs.

Michael J. Sullivan, White & McSpedon, P.C., New York City, for defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

New York's so-called "no fault" law, broadly speaking, precludes recovery for noneconomic loss arising out of negligence in the use or operation of a motor vehicle in this State except in case of serious injury. N.Y.INSURANCE L. § 5104(a) (McKinney 1985). The issue in this case, which is tendered by defendants' motion for summary judgment dismissing the complaint, is whether plaintiffs have raised a genuine issue of material fact as to the existence of serious injury within the meaning of the statute, caused by an accident.

Plaintiffs were injured in an automobile accident in White Plains, New York, on April 24, 1993. They claim back and spinal injuries as a result of the accident. Defendants contend that the claimed injuries are age-related, degenerative conditions which were not caused by the accident. Hence, defendants assert that plaintiffs have not sustained serious injury as a result of the accident.

Defendants' motion is supported by affidavits of several physicians which state that plaintiffs' conditions, in the physicians' opinions, are not causally related to the automobile accident and instead are the product of age-related, degenerative conditions. The affidavits contend that neither plaintiff suffered a "permanent consequential loss of a body function or system" or "a significant loss of use of a body function of system."

The statute defines "serious injury," to the extent relevant here, as:

"a personal injury which results in ... [1] permanent consequential limitation of use of a body organ or member; [2] significant limitation of use of a body function or system; or [3] a medically determined injury or impairment of a nonpermanent nature which prevents the injured person

from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment." *Id.* § 5102(d).

The affidavits, in defendants' view, negate the existence of a "permanent consequential loss of a body function or system" or "a significant loss of use of a body function of system." Defendants contend as well that plaintiffs' admissions establish their failure to satisfy clause [3], the so-called 90/180 rule.

The principal focus of plaintiffs' response is an affidavit by their treating physician, who states that she diagnosed both plaintiffs as suffering from acute traumatic hyperflexion, hyperextension injury to the cervical and lumbrosacral spine, traumatic myositis, fibromyositis, and probable cervical and lumbar radiculopathy and post concussion syndrome. She states also, in part on the basis of electromyography and MRI studies, that both plaintiffs have sustained permanent and significant limitation of use of a bodily function in consequence of the automobile accident.

■ The question whether a plaintiff has suffered "serious injury" is no different that any other issue with respect to summary judgment. If the defendant sustains its burden of submitting evidentiary material indicating that the plaintiff cannot establish "serious injury" within the meaning of the statute, the case will be dismissed unless the plaintiff comes forward with evidentiary material sufficient to raise a genuine issue for trial. Summary judgment in such cases has been granted and denied, depending upon the proofs. *E.g., Pichardo v. Chesley,* 1994 WL 369281 (S.D.N.Y. July 12, 1994) (granted in part, denied in part); *Allen v. Brooks,* 1993 WL 138830 (S.D.N.Y. Apr. 26, 1993) (denied); *Counihan v. Azadeh,* 1992 WL 47975 (S.D.N.Y. Mar. 4, 1992) (denied); *Filippini v. Beckworth,* 776 F.Supp. 673 (E.D.N.Y.1991) (denied); *Caputo v. Brau Cab Corp.,* 680 F.Supp. 116 (S.D.N.Y.1988) (denied); *Croyle v. Bonham,* 1987 WL 7372 (S.D.N.Y. Feb. 23, 1987) (granted); *Cole v. United States,* 1986 WL 5805 (S.D.N.Y. May 16, 1986) (denied); *Leroy v. Bennett,* 1985 WL 523 (S.D.N.Y. Apr. 12, 1985) (granted). Here, the affidavit of the treating physician, who examined both plaintiffs and based her opinion on EMG and MRI studies, is sufficient to raise a genuine issue of fact material to the determination of whether plaintiffs suffered "serious injury" within the meaning of clauses [1] and [2] of the statute.

■ To be sure, the affidavit of plaintiffs' treating physician may be criticized on the ground that the treating physician appears not to have examined the plaintiffs prior to the accident. The doctor's testimony, therefore, may well be subject to attack on the ground that she lacks an adequate basis upon which to ground an opinion that the conditions of the plaintiffs are causally related to the accident. *See Dwyer v. Tracey,* 105 A.D.2d 476, 477, 480 N.Y.S.2d 781, 783 (3d Dept.1984); *cf. McHaffie v. Antieri,* 190 A.D.2d 780, 593 N.Y.S.2d 844, 845 (2d Dept. 1993). But this is not an appropriate basis upon which to grant summary judgment to defendants, at least on this record and under FED.R.CIV.P. 56.[1]

A party moving for summary judgment bears the burden of establishing that there is no genuine issue as to any material fact. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). All reasonable inferences must be drawn in favor of the party opposing the motion. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). Hence, defendants, in order to prevail on this motion, were obliged to dem-

---

**1.** One decision in this District has read the New York Court of Appeals decision in *Licari v. Elliott,* 57 N.Y.2d 230, 455 N.Y.S.2d 570, 441 N.E.2d 1088 (1982), as shifting to the trial court, as a matter of law, the determination of whether a plaintiff has suffered serious injury and, presumably, whether the injury was caused by the accident in question within the meaning of the statute. *Tobin v. Greenberg,* 659 F.Supp. 959, 962–63 (S.D.N.Y.1987). The large number of subsequent State court decisions denying defense motions for summary judgment based on the existence of genuine issues of fact as to the existence of serious injury raise calls into question this reading of *Licari.* In view of this Court's conclusion that there is an issue of fact for trial, there is no need to address the Seventh Amendment concern expressed in *Tobin.*

onstrate that the conditions described by the treating physician were not causally related to the accident. This contrasts with plaintiffs' burden of proving causation at trial. As defendants have not sustained their burden of demonstrating the absence of a genuine issue of fact as to causation, summary judgment is inappropriate on this ground as well.

In view of this conclusion, the Court need not address defendants' contention that plaintiffs have not raised a genuine issue of fact under the 90/180 rule.

Accordingly, defendants' motion for summary judgment dismissing the complaint is denied.

SO ORDERED.