■ ANNE ALTMAN et al., Appellants, v ANITA I. GASSMAN, Respondent. [608 NYS2d 651] —Judgment, Supreme Court, Queens County (Arthur W. Lonschein, J.), entered on or about March 17, 1992, which, after jury trial, found in favor of the defendant, and dismissed the complaint, unanimously affirmed, without costs.

As there is no evidence of a "loss of use" of plaintiff's back within the meaning of Insurance Law § 5102 (d), the critical question here is whether there was error in submitting to the jury the question of a "significant limitation of use of a body function or system", and not "permanent consequential limitation of use of a body organ or member." A "permanent consequential limitation" requires a greater degree of proof than a "significant limitation", as only the former requires proof of permanency *(Partlow v Meehan,* 155 AD2d 647). The statute requires a showing that the limitation is "significant" or "consequential" in the sense that it is not minor or trivial *(Kordana v Pomellito,* 121 AD2d 783, *appeal dismissed* 68 NY2d 848). As the jury found by its verdict that there was no "significant limitation" of use of a bodily system, it could not have found that there was a "consequential" limitation of the same system, i.e., plaintiff's back. In effect, the standard which the trial court charged was the lesser one, and if plaintiff did not submit sufficient proof to overcome the lesser standard, she cannot claim prejudice as a result of the court's failure to charge the standard requiring a greater degree of proof of injury.

The court's marshalling of the evidence was not unbalanced. Nor did the trial court exhibit any bias during trial. In

particular, the court's statement that plaintiff's medical expert was frequently found in court was not untrue, as is evidenced by the physician's own testimony as to the extent of his practice derived from litigation, and to the extent that it might have indicated a certain circumspection toward the witness, plainly did not interfere with the court's management of the trial. Concur—Murphy, P. J., Kupferman, Asch, Williams and Tom, JJ.