■ DIANE VAN DE BOGART et al., Appellants, v PEARL E. VANDERPOOL et al., Respondents. [626 NYS2d 872] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Rose, J.), entered November 18, 1993 in Tioga County, upon a verdict rendered in favor of defendants.

After trial, a jury found that plaintiff Diane Van De Bogart (hereinafter plaintiff), who contends she was injured as a result of an automobile accident, had not sustained any impairment severe enough to constitute a "significant limitation of use of a body function or system", the only category of serious injury (see, Insurance Law § 5102 [d]) as to which a charge was given. Plaintiff and her spouse seek a new trial. They fault Supreme Court for refusing to instruct the jury regarding two other types of serious injury which, they maintain, could have been found from the proof presented.

The argument has merit. The testimony of plaintiff's chiropractor and that of Arthur King, a consulting neurosurgeon, if accepted by the jury, could support an inference that the injuries plaintiff sustained are permanent. A limitation of function caused by severe, persistent pain on operation may be sufficient to constitute a serious injury (see, Countermine v Galka, 189 AD2d 1043, 1045) if the medical findings of injury are not based solely on subjective complaints of pain (see, McKnight v LaValle, 147 AD2d 902, 903, lv denied 74 NY2d 605). Moreover, when permanence is shown, the significance of the resulting curtailment is not material (see, Miller v Miller, 100 AD2d 577, 578, revd on other grounds 68 NY2d 871), as long as it involves some actual limitation of use (compare, Scheer v Koubek, 70 NY2d 678, 679; Locatelli v Blanchard, 108 AD2d 1032, 1032-1033). Inasmuch as King's diagnosis, as well as his prediction that plaintiff's pain would be permanent, were based on and corroborated by recent X rays showing several physical changes in the affected area, the jury should have been permitted to consider whether the limitations plaintiff experienced as a result of the accident constituted a "permanent loss of use of a body * * * function or system" (Insurance Law § 5102 [d]; see, Tortorello v Landi, 136 AD2d 545).

The record also discloses that a factual question exists with respect to whether plaintiff had suffered a "medically determined injury or impairment" which prevented her "from

performing substantially all of * * * [her] usual and customary daily activities" for 90 of the 180 days immediately following the accident (Insurance Law § 5102 [d]). There is evidence from which it could fairly be inferred that during the first three months after the accident, plaintiff was unable to perform the majority of her customary housework activities, to engage in several recreational activities she had previously enjoyed (golf, biking, hiking, and swimming), to sit for long periods or drive long distances, to perform many of the tasks required in her work, or to complete the remainder of her job duties as quickly or efficiently as before the accident. A rehabilitation consultant testified that these changes in plaintiff's abilities are "vocationally significant" and they eventually caused plaintiff to seek other, less demanding employment. She also required assistance with dressing, and experienced problems sleeping and engaging in marital relations.

These limitations could be found to constitute more than a "slight curtailment" of plaintiff's activities (see, Licari v Elliott, 57 NY2d 230, 236), and while there was no evidence that any medical practitioner ordered plaintiff to limit her activities, it is not improbable that this was only because plaintiff's treating doctors recognized that she had already imposed appropriate restrictions upon herself.

Moreover, King testified that the injuries plaintiff had sustained, including torn and avulsed ligaments about the cervical spine, loosening of related joints and nerve irritation, would be expected to interfere with her ability to do housework, to engage in recreational pursuits and to complete the tasks her employment demanded. King also noted that certain visible changes, such as calcium deposits, disc softening and joint loosening, which appeared on X rays taken several months prior to trial, provided objective confirmation of the aforementioned injuries (compare, Melino v Lauster, 195 AD2d 653, 655, affd 82 NY2d 828; Lanuto v Constantine, 192 AD2d 989, 991, lv denied 82 NY2d 654). Given the foregoing, we are not disposed to say that it would be irrational for a jury to conclude that plaintiff suffered a "medically determined injury" which prevented her from carrying out "substantially all" of her daily activities during the statutory period (see also, Cammarere v Villanova, 166 AD2d 760, 761-762; Thomas v Drake, 145 AD2d 687, 688-689; Gleissner v LoPresti, 135 AD2d 494, 495).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and matter remitted to the Supreme Court for a new trial on

the questions of (1) whether plaintiff Diane Van De Bogart suffered a permanent loss of use of a body function or system, (2) whether she sustained a medically determined injury or impairment which prevented her from performing substantially all of her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident at issue, and (3) the extent of damages, if any, flowing therefrom.