■ LORIS CRAWFORD, Appellant, v DAWN M. SIMMONS et al., Respondents. [657 NYS2d 993] —In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Ingrassia, J.), dated September 20, 1995, which, after a jury trial (Burrows, J.), granted the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law based upon the plaintiff's failure to make out a prima facie case of "serious

injury" as defined in Insurance Law § 5102, and dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

Whether a plaintiff has made a prima facie showing of a "serious injury" should be decided by the court in the first instance as a matter of law (*Licari v Elliott,* 57 NY2d 230; *Salisbury v St. Louis,* 91 AD2d 745). Where, as here, the plaintiff failed to establish that she had suffered a "serious injury" as defined in Insurance Law § 5102, the court did not err in refusing to permit the issue to go to the jury.

The plaintiff testified at trial that she was involved in two automobile accidents in 1988. Following the first, which occurred on June 10, 1988, the plaintiff sustained injuries to her head, neck, and shoulders. Her physician, Dr. David Doniger, diagnosed her as suffering from a cervical spine sprain and radiculitis (i.e., nerve root inflammation) as a result of this accident. The plaintiff instituted a lawsuit seeking compensation for these damages.

The accident at issue here occurred on October 6, 1988. The plaintiff was removed from the scene by ambulance, and taken to United Hospital, where she complained of head, neck, and shoulder pain. Thereafter, she continued to have intermittent "flare-ups" of her neck, shoulder, and arm pain, for which she visited Dr. Doniger approximately 10 times over the next six years. Dr. Doniger attributed essentially all of the plaintiff's complaints to the first accident, declaring in a report that the second incident resulted in those problems being "temporarily exacerbated". All objective tests were normal and, on physical examination, both Dr. Doniger and the defendant's expert found the plaintiff to be consistently within normal limits. Although the plaintiff testified to some transitory discomfort on the job, she continued to work full-time and did not establish that her daily life or ordinary activities were at all disrupted by her injuries, or that she was able to function only with pain. Accordingly, the plaintiff failed to show that she had suffered a "serious injury" as that condition is defined in Insurance Law § 5102, with the result that her complaint was properly dismissed (*cf., Larrabee v State of New York,* 216 AD2d 772; *Van De Bogart v Vanderpool,* 215 AD2d 915; *Mooney v. Ovitt,* 100 AD2d 702). Rosenblatt, J. P., Miller, Thompson and Friedmann, JJ., concur.