■ GARY YAGLIYAN, Respondent, v GUN SHIK YANG et al., Appellants. [663 NYS2d 991] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Posner, J.), dated September 9, 1996, which denied their motion for summary judgment dismissing the complaint for failure to establish the existence of a physical injury as defined in Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the defendants' motion is granted, and the complaint is dismissed.

In opposition to the defendants' motion for summary judgment, the plaintiff submitted medical affidavits indicating that he had sustained injuries to his lumbar spine significantly restricting his range of motion, but providing no evidence of the extent or degree of the alleged restriction. These affidavits, patently tailored to meet statutory requirements, were insufficient to establish that the plaintiff suffered a "significant limitation of use of a body function or system" (Insurance Law

§ 5102 [d]; *see, Orr v Miner,* 220 AD2d 567; *Iglesias v Inland Freightways,* 209 AD2d 479). Moreover, the plaintiff's self-serving assertion that he could not perform his usual type of work after the accident did not establish that he had sustained a medically determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident *(see,* Insurance Law § 5102 [d]; *Crawford v Simmons,* 239 AD2d 312; *Cullum v Washington,* 227 AD2d 370; *cf., Van De Bogart v Vanderpool,* 215 AD2d 915). Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.