■ SAMUEL DAVIS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [669 NYS2d 670] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Golia, J.), dated February 5, 1997, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, and the complaint is dismissed.

In support of its motion for summary judgment, the defendant submitted a report from the plaintiff's treating physician stating that the plaintiff sustained a sprain to the left shoulder and lumbosacral spine with an unspecified degree of restriction of motion in the left shoulder and lumbosacral spine. The defendant therefore demonstrated prima facie entitlement to summary judgment (see, Licari v Elliott, 57 NY2d 230, 239; Stallone v County of Suffolk, 209 AD2d 403; Pagano v Kingsbury, 182 AD2d 268, 271; Forte v Vaccaro, 175 AD2d 153). The plaintiff failed to submit evidentiary proof in admissible form demonstrating the existence of a triable issue of fact with respect to a "permanent consequential limitation of use of a body organ or member" or a "significant limitation of use of a body function or system" (see, Grasso v Angerami, 79 NY2d 813; Fernandez v Shields, 223 AD2d 666; Looney v Epervary, 194 AD2d 591).

Furthermore, the plaintiff's assertion that he could not perform his daily activities after the accident did not establish that he had sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (see, Yagliyan v Gun Shik Yang, 241 AD2d 518; Crawford v Simmons, 239 AD2d 312; Cullum v Washington, 227 AD2d 370). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.