■ PHYLLIS A. WILEY, Appellant, v LANDRE E. BEDNAR, Respondent. [689 NYS2d 550] —Carpinello, J. Appeal from an order of the Supreme Court (Rose, J.), entered June 19, 1998 in Broome County, which granted defendant's motion for summary judgment dismissing the complaint.

At issue on this appeal is whether plaintiff suffered a "serious injury" as defined in Insurance Law § 5102 (d) as a result of a March 29, 1991 motor vehicle accident. Specifically, she claims that the pain and limitation of motion she suffers in her neck, back and hip qualify alternatively under the statute as a significant limitation of use of a body function or system, and/or a permanent consequential limitation of use of a body organ or member and/or a permanent loss of use of a body organ, member, function or system (see, Insurance Law § 5102 [d]). Supreme Court found, and we agree, that plaintiff did not suffer a serious injury.

Defendant's motion for summary judgment relied principally on the report of an orthopedic consultant who conducted a physical examination of plaintiff on February 23, 1998 and reviewed her medical records, which included essentially normal X-ray, bone scan, CAT scan and MRI reports. This physician opined that plaintiff suffers from a "[m]ild strain of the neck" (related in part to degenerative arthritis and in part to the accident) and a strain to the hip (the "signs" of which were largely subjective). He concluded that "[i]f there is permanency * * * it is at best mild".

In opposition, plaintiff offered only reports of her principal treating physician and the physician who examined her at the request of her no-fault carrier, despite her having treated with numerous physicians since the accident. The no-fault physician diagnosed her as suffering from chronic cervical strain with preexisting degenerative changes and chronic right sacroiliac

---

joint strain, a diagnosis not markedly different from defendant's orthopedic consultant. Only plaintiff's principal treating physician found her physical functioning "significantly limited". His diagnosis of permanent cervical and lumbosacral disabilities, however, was predicated largely on plaintiff's subjective complaints of pain and his review of the no-fault physician's report, which recites that plaintiff suffered a limitation of the "last 20° of rotation" in her cervical spine and that her performance on a straight leg raising test proved painful at about 80 degrees on the right leg. Supreme Court found that defendant met her initial burden on the motion (*see, Tankersley v Szesnat*, 235 AD2d 1010) and that plaintiff failed to meet her burden of establishing a question of fact on the issue of serious injury because her symptoms were not confirmed by objective medical findings and diagnostic tests. Accordingly, it granted defendant's motion for summary judgment.

Aware that a mild disability can be fatal to a permanent consequential or significant limitation of use claim (*see, Uhl v Sofia*, 245 AD2d 988, 990), plaintiff relies heavily on this Court's decision in *Van De Bogart v Vanderpool* (215 AD2d 915) in an attempt to establish that summary judgment was improperly granted to defendant. In *Van De Bogart*, we held that a claimed permanent *loss of use* of a body function or system must be submitted to a jury once permanency is established, the significance of the resulting curtailment being immaterial (*see, id.*, at 915-916). Plaintiff's reliance on this decision, however, glosses over a critical distinguishing factor contained therein; namely, that the plaintiff's subjective complaints of pain in that case were "corroborated by recent X rays showing several physical changes in the affected area" (*id.*, at 915), which X-rays "provided objective confirmation of the [claimed] injuries" (*id.*, at 916).

Moreover, we have previously held that a diagnosis of chronic cervical and lumbosacral strain evidenced only by impaired rotation of the spine and decreased leg raising was insufficient to survive a motion for summary judgment in the absence of further medical evidence of a specific injury suggestive of a permanent loss of use (*see, Gaddy v Eyler*, 167 AD2d 67, *affd* 79 NY2d 955). We are not unmindful that the Second Department has subsequently held to the contrary (*see, Risbrook v Coronamos Cab Corp.*, 244 AD2d 397). Nevertheless, we are not inclined to reject the rationale of *Gaddy v Eyler* (*supra*), especially on the record before us which includes skepticism on the part of several of plaintiff's own treating physicians concerning her complaints.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.