Arnold J. Paolini, Plaintiff, and Elizabeth A. Pakenham, Appellant, v Walter V. Sienkiewicz, Respondent. [691 NYS2d 836] —Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint of Elizabeth A. Pakenham (plaintiff) on the ground that plaintiff did not sustain a serious injury (*see*, Insurance Law § 5102 [d]). Plaintiff alleged that her injuries constitute serious injuries under each of four categories. With respect to the allegation that plaintiff sustained a medically determined injury or impairment that prevented her from performing substantially all of the material acts constituting her usual and customary daily activities for not less than 90 days during the 180 days following the accident, defendant failed to meet his initial burden of establishing that plaintiff was not so disabled as a matter of law (*see*, *Russell v Knop*, 202 AD2d 959; *Mulhauser v Wood*, 107 AD2d 1019, *appeals dismissed* 65 NY2d 637). With respect to the allegation that plaintiff sustained a permanent loss of use of a body organ, member, function or system, defendant met his initial burden. By the affidavit of her chiropractor, however, plaintiff raised an issue of fact whether she sustained a permanent functional impairment of her cervical and lumbar spine. "[W]hen permanence is shown, the significance of the resulting curtailment is not material * * * as long as it involves some actual limitation of use" (*Van De Bogart v Vanderpool*, 215 AD2d 915; *see*, *Spezia v De Marco*, 173 AD2d 462, 463; *Miller v Miller*, 100 AD2d 577, 578).

With respect to the allegations that plaintiff sustained a significant limitation of use and a permanent consequential limitation of use of her spine, defendant met his initial burden, and plaintiff failed to raise an issue of fact (*see*, *Gaddy v Eyler*, 79 NY2d 955, 956-957). Plaintiff's treating chiropractor found that plaintiff sustained a permanent impairment of 6% of the overall range of motion in her spine. That minor degree of impairment does not qualify as a significant or consequential limitation of use (*see*, *Licari v Elliott*, 57 NY2d 230, 236; *Thousand v Hedberg*, 249 AD2d 941; *cf.*, *Lopez v Senatore*, 65 NY2d 1017, 1020; *Adetunji v U-Haul Co.*, 250 AD2d 483; *Grullon v Chang Ok Chu*, 240 AD2d 367). We therefore reverse the

order, deny defendant's motion and reinstate the complaint. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wisner, Hurlbutt and Callahan, JJ.