[710 NYS2d 676]

Richard Oberly et al., Appellants, v Bangs Ambulance, Inc.,
Respondent.

Third Department, July 6, 2000

APPEARANCES OF COUNSEL

*Martin, Harding & Mazzotti, L. L. P.,* Albany (*Michael J. Hutter* of counsel), for appellants.

*Mlynarski & Cawley, P. C.,* Binghamton (*Benjamin K. Bergman* of counsel), for respondent.

## OPINION OF THE COURT

MERCURE, J. P.

Plaintiff Richard Oberly (hereinafter plaintiff) sustained the injury forming the basis for this negligence action in a July 1994 motor vehicle accident. On this appeal, we need only consider whether plaintiff opposed defendant's prima facie showing that plaintiff did not sustain a "serious injury" (Insurance Law § 5102 [d]) with competent evidentiary proof raising a material question of fact as to whether the diagnosed ulnar neuropathy in plaintiff's right arm constitutes a "permanent loss of use of a body * * * member" (Insurance Law § 5102 [d]; *see, Gaddy v Eyler,* 79 NY2d 955). We conclude that plaintiff failed to make the requisite evidentiary showing and accordingly affirm Supreme Court's order granting summary judgment dismissing the complaint and the judgment entered thereon.

The medical evidence submitted in opposition to the motion consists of an April 30, 1999 affirmation of plaintiff's treating neurologist, Jeremy Shefner, setting forth the opinion that plaintiff suffers from a "chronic ulnar neuropathy resulting in loss of nerve fibers innervating ulnar hand and forearm muscles in his right arm * * * [resulting in] a permanent, partial loss of use of his right arm." Specifically, Shefner states that the ulnar nerve damage sustained by plaintiff "could be expected to interfere with the fine motor movements his profession, as a dentist requires [and] * * * complaints of pain and fatigue are to be expected." The record indicates, however, that plaintiff missed only three weeks of work following the accident and, although use of his right hand and arm can cause stiffness or soreness and plaintiff has been required to make some adjustments to certain physical activities, there is no evidence that his injuries have required him to limit his dental practice or other day-to-day activities in any meaningful way.

Without doubt, the evidence presented by plaintiff raises a genuine question of fact as to whether he sustained a causally related permanent limitation of use of his right arm and hand. Even so, it remains for us to determine whether a limitation as

slight as the one presented here can as a matter of law constitute a "permanent loss of use of a body * * * member" within the purview of Insurance Law § 5102 (d). We think not.

As pointed out by plaintiffs, this Court and others have held that "when permanence is shown, the significance of the resulting curtailment is not material * * * as long as it involves some actual limitation of use" (*Van De Bogart v Vanderpool*, 215 AD2d 915 [citation omitted]; *see, Paolini v Sienkiewicz*, 262 AD2d 1020 [4th Dept]; *Miller v Miller*, 100 AD2d 577 [2d Dept], *revd on other grounds* 68 NY2d 871; *see also, Wiley v Bednar*, 261 AD2d 679, 680). That rule of law was originated and has been consistently applied, however, in cases involving a partial loss of use of a body function or system, neither of which are involved here.

As relevant to our discussion, "serious injury" is statutorily defined as a personal injury that results in "permanent loss of use of a body organ, member, function or system; permanent *consequential* limitation of use of a body organ or member; [or] *significant* limitation of use of a body function or system" (Insurance Law § 5102 [d] [emphasis supplied]). As can be seen, if both "permanence" and "loss of use" are established, the serious injury threshold is satisfied whether a body organ, member, function or system is involved. In the case of mere "limitation of use," however, an important statutory distinction is drawn between injuries affecting "a body organ or member," on the one hand, and "a body function or system," on the other. Both categories require that the limitation be "consequential" or "significant," which we view as synonymous (*see, Altman v Gassman*, 202 AD2d 265; *Dwyer v Tracey*, 105 AD2d 476, 478), but a showing of permanence need be made only when a body organ or member is involved.

In the seminal case of *Miller v Miller* (*supra*, at 578), the Second Department noted that "of the eight disjunctive types of serious injuries listed in [Insurance Law § 5102 (d)], there are two that refer to 'body function,'" i.e., the first and third of those previously set forth herein, and then engaged in the following analysis: "The essential difference between these two types of 'serious injury' is that the 'significant limitation of use of a body function' does not require *permanence*, but instead requires a fact finding on the issue of whether the dysfunction is important enough to reach the level of significance. Similarly, the 'permanent loss of * * * a body * * * function' does not involve in any fashion the element of *significance*, but only that of *permanence*. Indeed, if it did, there would be no need to

list 'significant limitation of use of a body function' in a separate category" (*id.*, at 578 [emphasis in original]). Obviously, because the category involving limitation of use of a body organ or member does require a showing of permanence, the entire rationale underlying *Miller v Miller* (*supra*) has no application to it.

Comparison of the two categories applicable to a body organ or member, which are the categories relevant to the present case, raises a whole new and far more serious problem. Unlike the situation in *Miller v Miller* (*supra*) and the cases that followed it, permanence is a specific element of both of these categories, so the requirement of permanence in the first category cannot be considered a trade-off for the "consequential" element in the second. Therefore, because a partial "loss of use," as plaintiffs argue to be present in this case, cannot be meaningfully distinguished from "limitation of use," plaintiffs would have the two categories cover precisely the same injury but have one require that the injury be substantial and the other impose no such requirement. Stated another way, plaintiffs' analysis creates a category of serious injury (the first of those previously set forth) which is wholly included within but imposing a lesser standard than another category of serious injury (the second of those previously set forth). Obviously, the Legislature had no such intention.

In fact, in cases involving injuries resulting in a partial loss of use of a body member, this Court has required that the limitation be a consequential one. Thus, in *Jones v Sharpe* (99 AD2d 859, *affd on mem below* 63 NY2d 645), we found that a plaintiff who sustained a permanent "mild to moderate" limitation to his left leg had failed to establish either a permanent loss or consequential limitation of use of a body organ or member (*id.*). The recent case of *Booker v Miller* (258 AD2d 783) involved an injury very similar to the one presented here, i.e., a medically determined deficit in the ulnar nerve distribution on the plaintiff's left side. Noting that "any resulting limitations were either mild, slight or insignificant," this Court concluded that the plaintiff had failed to raise a genuine factual issue as to whether she sustained a "serious injury" within the categories of a permanent loss of use of a body organ, member, function or system or a permanent consequential limitation of use of a body organ or member (*id.*, at 785).

Briefly addressing the dissent, it should suffice to note that plaintiffs make no present claim that plaintiff sustained a loss of use of a body function or system, thereby waiving or

abandoning any prior claim in that regard (*see, Sisters of Resurrection v Country Horizons*, 257 AD2d 729, 731). In fact, the appropriate point heading of plaintiffs' brief states that "Plaintiff's Proof Establishes A Prima Facie Case That The Injury He Sustained Resulted In A 'Permanent Loss of Use of A Body Member', His Right Arm." In any event, regardless of the allegation of plaintiffs' bill of particulars, which merely parrots the statutory language, we conclude that the injury to plaintiff's arm did not result in a loss of use of a body function or system within the meaning of Insurance Law § 5102 (d).

Based upon the foregoing, we conclude that, absent competent evidence that the causally related limitation of use of plaintiff's right arm and hand was consequential or significant, Supreme Court properly awarded summary judgment in favor of defendant. In view of that determination, we need not consider plaintiffs' additional arguments.

LAHTINEN, J. (dissenting). We respectfully dissent. While the majority's well-reasoned opinion now eliminates a claim for serious injury based upon a permanent loss of use of a body member or organ without a showing that the claimed (partial) loss of use is consequential, precedent and the majority's opinion leave intact a claim for serious injury based upon a permanent loss of use of a body function or system without a showing of significance.

Recently, in *Wiley v Bednar* (261 AD2d 679), we reaffirmed our holding in *Van De Bogart v Vanderpool* (215 AD2d 915) by stating: "In *Van De Bogart*, we held that a claimed permanent *loss of use* of a body function or system must be submitted to a jury once permanency is established, the significance of the resulting curtailment being immaterial" (*Wiley v Bednar, supra*, at 680 [citation omitted] [emphasis supplied]). We made this statement notwithstanding the fact that three months before our *Van De Bogart* decision the Court of Appeals reiterated the legislative intent underlying the No-Fault Law (Insurance Law art 51) as being "to weed out frivolous claims and limit recovery to significant injuries" (*Dufel v Green*, 84 NY2d 795, 798).

Accordingly, giving every favorable inference to the nonmoving party, as we are required to do in summary judgment motions (*see, e.g., Flower v Noonan*, 271 AD2d 825, 826), we would deny defendant's motion. Plaintiff's bill of particulars alleges a permanent loss of use of a body organ, member, function or system and, in our opinion, his objective medical proof

establishes permanency and is sufficient to raise questions of fact with respect to the permanent (partial) loss of use of the "function" of his arm ("the ulnar nerve damage * * * sustained could be expected to interfere with [plaintiff's] fine motor movements") and the loss of use of the nervous "system" ("chronic, non-localizable ulnar neuropathy affecting chiefly motor nerve fibers") affecting his arm. We find nothing in the statute, case law or this record which would preclude plaintiff's medical expert from rendering his opinion as to whether plaintiff's injury resulted in a permanent loss of use of a body function or system (*see, e.g., Dufel v Green, supra*).

Based upon the foregoing, we find that plaintiff's submissions create questions of fact as to whether he has suffered a serious injury, as that term is attempted to be defined by Insurance Law § 5102 (d), which should be determined by a jury. We would therefore deny defendant's motion.

SPAIN and ROSE, JJ., concur with MERCURE, J. P.; LAHTINEN and PETERS, JJ., dissent in a separate opinion by LAHTINEN, J.

Ordered that the order and judgment are affirmed, without costs.