■ CLARENCE M. DIXON et al., Appellants, v PAUL A. LaMORTICELLA et al., Respondents. [730 NYS2d 389] —Order unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint on the ground that Clarence M. Dixon (plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Although defendants met their initial burden, plaintiffs raised a triable issue of fact by submitting the affidavit of a chiropractor who had treated plaintiff for over three years following the automobile accident at issue. He stated his objective findings that the range of motion in plaintiff's lumbar spine was extremely limited and that he measured significant restrictions in the flexion and extension of plaintiff's lumbar spine two years after the accident. He opined to a reasonable degree of medical certainty that those restrictions are permanent and that the automobile accident at issue was the cause of plaintiff's injuries. That evidence is sufficient to raise a triable issue of fact whether plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Mangano v Sherman*, 273 AD2d 836; *Rodriguez v Duggan*, 266 AD2d 859; *see also, Paolini v Sienkiewicz*, 262 AD2d 1020; *Hawkins v Foshee*, 245 AD2d 1091). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Wisner, Burns and Lawton, JJ.