◼ KATHLEEN KEENA et al., Appellants, v BARBARA TRAPPEN, Respondent. [742 NYS2d 344] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Colabella, J.), entered February 7, 2001, which, in effect, granted the defendant's motion for summary judgment dismissing the

complaint on the ground that the plaintiff Kathleen Keena did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The plaintiffs failed to rebut the defendant's prima facie showing that the plaintiff Kathleen Keena did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The affirmation of the injured plaintiff's treating physician stated that he only diagnosed cervical and lumbar sprains, which do not rise to the level of serious injuries (*see Gaddy v Eyler,* 79 NY2d 955; *Lebron v Camacho,* 251 AD2d 295). Moreover, the treating physician's projections of permanent injury lacked probative value, since the affirmation is dated more than three years after the last examination of the plaintiff (*see Tobiolo v Friedman,* 283 AD2d 483). The affidavit of the injured plaintiff's chiropractor, prepared almost three years after the last examination of the injured plaintiff, was likewise insufficient to raise a triable issue of fact (*see Bidetto v Williams,* 276 AD2d 516).

Finally, the plaintiffs failed to establish that the injured plaintiff sustained a "medically determined injury" which prevented her from performing "substantially all" of her "usual and customary daily activities" for 90 or more days out of the first 180 days "immediately following" her accident (Insurance Law § 5102 [d]). Her affidavit did not specify her "usual and customary daily activities" before the accident, or which of those activities she was unable to perform after the accident (*see Yagliyan v Gun Shik Yang,* 241 AD2d 518). She did not submit a physician's affidavit substantiating the existence of a "medically determined" injury producing the alleged impairment of her activities (*see* Insurance Law § 5102 [d]; *Ryan v Xuda,* 243 AD2d 457). Santucci, J.P., Goldstein, Luciano, Schmidt and Crane, JJ., concur.