■ SCHELETTA A. SEWELL, Respondent, v PHILIP J. KAPLAN, Appellant. [747 NYS2d 859] —Appeal from that part of an order of Supreme Court, Onondaga County (Murphy, J.), entered December 18, 2001, that denied defendant's cross motion seeking summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting defendant's cross motion in part and dismissing the complaint to the extent that it alleges that plaintiff sustained a serious injury under the categories of permanent consequential limitation of use of a body organ or member, significant limitation of use of a body function or system and permanent loss of use of a body organ, member, function or system and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when the vehicle that she was driving collided with a vehicle driven by defendant in January 1997. Supreme Court erred in denying that part of defendant's cross motion seeking summary judgment dismissing the complaint to the extent that it alleges that plaintiff sustained a serious injury under the categories of permanent consequential limitation of use of a body organ or member and significant limitation of use of a body function or system (see Insurance Law § 5102 [d]). As plaintiff concedes on appeal, she did not sustain a "total" loss of use of her cervical spine and thus she did not sustain a serious injury under the category of permanent loss of use of a body organ, member, function or system (see Oberly v Bangs Ambulance, 96 NY2d 295, 299, affg 271 AD2d 135). The court therefore further erred in denying that part of defendant's cross motion with respect to that category of serious injury as well. Thus, we modify the order by granting defendant's cross motion with respect to those three categories of serious injury.

With respect to the categories of permanent consequential limitation of use and significant limitation of use, we conclude that defendant met his initial burden by submitting the affirmation of an orthopedic surgeon who found after examining plaintiff in 2001 that she had no objective evidence of injury (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Dufel v Green, 84 NY2d 795, 798). The expert concluded that plaintiff had suffered cervical whiplash syndrome with "very little" evidence of on-going disability. He found full strength and no signs of atrophy in plaintiff's neck and shoulder muscles, and no abnormalities based on plaintiff's neurological examination. In opposition to the cross motion, plaintiff submitted the affirma-

tion of her treating physician and relied upon an MRI report and other medical records submitted by defendant, none of which raises an issue of fact whether her injuries and physical limitations were "consequential." " '[W]hether a limitation of use or function is "significant" or "consequential" (i.e., important * * *) relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part' " (*Toure*, 98 NY2d at 353; *see Oberly*, 271 AD2d at 137). At most, plaintiff established in opposition to the cross motion that she was unable to lift patients in the course of her work as a nurse's aide without pain or aggravation of the original cervical sprain or trapezial muscle injury, but she failed to establish any other limitations in the normal function and use of her neck or shoulders. Further, she admitted that, as of the time of her deposition, she had two part-time jobs. She also admitted that she had earlier chosen to continue receiving disability benefits and had not sought unemployment insurance because the disability benefits were higher.

We further conclude, however, that plaintiff raised an issue of fact whether she sustained "a medically determined injury or impairment of a non-permanent nature which prevent[ed] [her] from performing substantially all of the material acts which constitute[d] [her] usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment" (Insurance Law § 5102 [d]). Defendant's expert found subjective evidence that plaintiff suffered cervical whiplash syndrome based on plaintiff's consistent complaints of tenderness around the trapezial muscle on the right side. On the other hand, plaintiff's treating physician opined in his affirmation that there was objective evidence from plaintiff's MRI of a bulging disc at C3/4 and nerve root impingement, which injuries were causally related to the automobile accident, and he also noted his reliance upon numerous physical examinations and the results of functional capacity tests. That physician further indicated that, based upon plaintiff's injuries, he released plaintiff from work for 93 out of the 180 days immediately following the accident. The record also contains evidence that plaintiff had difficulty caring for her four children. Thus, there are issues of fact whether the bulging disc and nerve root impingement were the cause of plaintiff's pain and whether plaintiff was thereby prevented from performing substantially all of the material acts that constituted her usual and customary daily activities for at least 90 of the 180 days immediately following the accident (*see generally Nitti v Cler-*

*rico,* 98 NY2d 345, 355-358). Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Lawton, JJ.