■ DALLAS MOORE et al., Respondents, v COUNTY OF SUFFOLK et al., Appellants. [774 NYS2d 375]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Baisley, J.), dated September 24, 2003, which denied their motion for summary judgment on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted on behalf of the plaintiff Phyllis Curylo and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The defendants made a prima facie showing that the plaintiff Dallas Moore did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (see *Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). However, the affidavit of Moore's chiropractor submitted in opposition to the defendants' motion was sufficient to raise a triable issue of fact as to whether that plaintiff sustained a serious injury. Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by Moore.

The Supreme Court, however, erroneously denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Phyllis Curylo. The defendants established a prima facie case that Curylo did not sustain a serious injury. Curylo's claim that she sustained a lumbosacral sprain/strain was insufficient to raise a triable issue of fact (see *Keena v Trappen*, 294 AD2d 405, 406 [2002]; *Puccio v Pazienza*, 289 AD2d 316, 317 [2001]; *Charlton v Almaraz*, 278 AD2d 145, 146 [2000]; *Wiley v Bednar*, 261 AD2d 679 [1999]; *Rhind v Naylor*, 187 AD2d 498 [1992]). Ritter, J.P., S. Miller, Townes, Crane and Rivera, JJ., concur.