Whalen, J.
(dissenting in part). I respectfully dissent because I conclude that there are issues of fact whether Eric M. Fisher (plaintiff) sustained a serious injury within the meaning of Insurance Law § 5102 (d) under the 90/180-day category. I therefore conclude that Supreme Court properly denied defendants’ motion to that extent, and would modify the order accordingly. “The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case” (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). “Once [that] showing has been made . . . , the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action” (Alvarez v *1195 Prospect Hosp., 68 NY2d 320, 324 [1986]). Here, I conclude that defendants failed to meet their burden of establishing as a matter of law that plaintiff was able to perform substantially all of his usual activities for not less than 90 days of the 180 days immediately following the accident. Specifically, defendants failed to establish what plaintiffs usual and customary daily activities were before and after the accident, and thus the burden never shifted to plaintiffs with respect to that category of serious injury (see Paolini v Sienkiewicz, 262 AD2d 1020, 1020 [1999]; see also § 5102 [d]). Indeed, the record establishes that, after the accident, plaintiff was unable to return to the physical activities associated with his toy train business, and that his wife and a friend had to perform all of the physical activities associated with the business. Defendants also failed to establish what plaintiffs daily activities were outside of the business before and after the accident.
I further conclude that defendants failed to establish as a matter of law that plaintiffs injuries with respect to the 90/180-day category were related only to a preexisting condition. The physician who offered an opinion to that effect on defendants’ behalf based that opinion solely on a review of plaintiff’s CT scans and X rays from 2006 to 2009. He did not state that he reviewed plaintiff’s deposition testimony or plaintiffs’ bill of particulars or that he examined plaintiff in person. Thus, the physician had no knowledge of what plaintiffs usual and customary daily activities were béfore and after the accident, and his opinion was therefore insufficient “to foreclose the 90/180-day category of serious injury” (Colavito v Steyer, 65 AD3d 735, 736 [2009]). Moreover, I note that the physician’s opinion with respect to plaintiffs preexisting medical condition fails to address plaintiff’s alleged injury to his left leg. The record establishes that, although plaintiff had medical problems with his right leg prior to the accident, he alleges injuries to both legs as a result of the accident. The injury to plaintiffs left leg therefore must be a new injury, not a preexisting injury. Inasmuch as the physician’s opinion fails to address plaintiffs’ “essential factual allegations,” I conclude that it is insufficient to establish defendants’ entitlement to summary judgment (Roques v Noble, 73 AD3d 204, 206 [2010]). Present — Centra, J.E, Peradotto, Carni, Sconiers and Whalen, JJ.